ELIZABETH HOWE *vs.* JAMES P. RAY & another.

In all but exceptional cases, the rule in estimating damages under the mill acts is, that comparison is to be made between the present productive value of the land and what its productive value would have been, had it not been injured by the dam.

To sustain an objection to the admissibility of evidence it must appear from the exceptions that the evidence was inadmissible for any purpose ; or if admissible for a particular purpose, that the court refused properly to limit its application ; and, in either case, that the excepting party was injured thereby.

COMPLAINT under Gen. Sts. *c.* 149, for flowing the complainant's land by the respondents' dam.

After the decision reported in 110 Mass. 298, a warrant was issued for a sheriff's jury. At the trial before such jury evidence was introduced tending to show that more than forty years before a dam had been erected below the premises, which to some extent affected and flooded a large part of the complainant's lower meadow, but which caused a part only of the damage complained of ; that between 1850 and 1860, this dam was raised twenty inches higher than before ; that thereby the rest of the complainant's lower meadow and all of her upper meadow was flooded, and that the rest of the damage complained of was caused by this raising of the dam.

The complainant introduced evidence tending to show the condition and value of all the land and crops before the erection of the original dam and before the commencement of any injury or of any flowage; and also introduced evidence (against the defendant's objection) tending to show the condition and value of the land and crops immediately prior to the time when the dam was raised.

The complainant also introduced evidence of the condition and value of the land and crops during the three years preceding the filing of her complaint, and of the injury to the land flooded.

Evidence was introduced by the respondents, tending to show that the original dam, before it was raised, was used as a winter privilege only, and evidence was introduced by the complainant tending to show that the original dam, before it was raised,

was used as an annual privilege, flowing eight acres and twenty-nine rods of the lower meadow.

The respondents requested the sheriff to instruct the jury that in estimating damages regard should be paid only to the state and condition in which the land would have been if no dam had been erected, as compared with its present condition, and that no regard should be had to the value or the actual products of the land subsequent to the erection of the dam and more than three years before the filing of the complaint, unless the jury believed that the land during that time was wholly unaffected by the dam and the flow of the water caused thereby :

That in estimating damages, if the jury believed that at any time subsequent to the erection of the dam and more than three years before the complaint was filed, the dam or flume was raised so as to raise the water higher than before, or that the privilege was changed from a winter privilege to an annual privilege, no regard was to be paid to the value or the products of the land prior to such time and subsequent to the erection of the dam, unless the jury also believed that the land at that time had been wholly unaffected by the dam and the flow of water caused thereby.

The sheriff refused to give these instructions, but instructed the jury to " estimate the pecuniary loss to the land-owner from the direct injury done to his land taken as a whole by flowing, and to deduct therefrom any benefit to the same land by the same cause." And that " in estimating damages regard should be had to the condition of the land at the commencement of the injury, and as if no dam had been erected ; " that " in estimating future annual damages, the jury should assess by way of annual damage, so much as the improvement of the land would in its ordinary state be annually worth to the owner had no dam ever been erected ; " that " the commencement of the injury, and not the erection of the dam, is the point of comparison as to the value or product of the land and the present value or products of the same land ; " and that " the effect upon upland and other adjoining lands of complainant is to be considered in estimating damages."

The jury found for the complainant, and the verdict being certified by the sheriff, together with his rulings, to the Superior Court, was there accepted, and the respondents appealed.

*T. G. Kent*, for the respondents.

*W. A. Gile & C. A. Merrill*, for the complainant.

COLT, J.   As a general rule, in estimating damages under the mill act, it is sufficient for the jury to consider what would have been the condition of the land flowed during the time covered by the complaint if no dam had been erected, and to assess for annual damage so much as the value of the annual improvement is diminished.   The comparison to be made is between the present value and productiveness of the land and what it would have been if it had not been injured by the dam.   The instructions in this case were in accordance with this rule as laid down in *Palmer Company* v. *Ferrill*, 17 Pick. 58, 66, and they are to be taken as sufficient unless there is something which makes this case exceptional.   *Bates* v. *Ray*, 102 Mass. 458.

The damage complained of was caused by a dam erected many years ago, which originally flowed a portion of the lower meadow described in the complaint.   This old dam was increased in height before the commencement of the three years covered by the complaint, and thereby the rest of the lower and all of the upper meadow was flowed.   Evidence was introduced to show the condition and value of all the land and crops before the erection of any dam and before the commencement of any injury, and also, against the respondents' objection, to show its condition immediately prior to the time when the addition was made to the height of the dam.   Upon the question whether the old dam was used as a winter privilege only, the evidence was conflicting.

It is contended that the productive condition of the land just prior to the time of raising the dam, cannot be referred to as a standard of comparison without injustice to the respondents, and that therefore the instructions asked for should have been given. In one aspect of the case this may be true.   If by the direct effect of the dam as originally built the productive value of the upper meadow had been increased, it may be that such increase

ought not to be used to charge the respondents with increased damage produced by the subsequent addition to its height. If on the other hand, up to that time, the upper meadow had been positively injured instead of being benefited, or if it had remained wholly unaffected, then the admission of the evidence and the refusal to rule as requested have done the respondents no harm. It is plain that if the upper meadow, since the dam was originally built, had increased in value by improved cultivation or by any other cause than that of the dam itself, then the exclusion of the evidence and the ruling asked for would have been an injustice to the complainant, because as to that part of the land as well as the rest, the damage is to be measured by a comparison of its productive value at the time when it is first injured, with its value during the time covered by the complaint.

An objection to the admission of evidence can be supported only by showing that it was not admissible for any purpose, or that the judge refused to limit its effect and permitted it to be used for a purpose for which it was not competent, and by further showing that the evidence, if incompetent, was in some way injurious to the excepting party. It is for the party taking exceptions to cause such facts to appear in evidence and to be reported in the bill of exceptions as will show that the ruling at the trial was both wrong and injurious. *Eastman* v. *Crosby*, 8 Allen, 206.

The difficulty with the exceptions in this case is that it does not appear that the evidence offered was not competent upon the grounds above stated, or if incompetent, that its admission was injurious to the respondents. And it follows that the instructions asked were either not required or were erroneous.

*Verdict accepted.*