RUSSELL BLACKWELL & others *vs.* ERASTUS O. PHINNEY & another.

Barnstable.   Jan. 22. — March 17, 1879.   AMES & SOULE, JJ., absent.

Under the St. of 1866, *c.* 206, allowing the owner of land, appropriated to the cultivation of the cranberry, to erect and maintain a dam across any stream not navigable, for the purpose of flowing land, according to the provisions of the Gen. Sts. *c.* 149, "so far as the same are properly applicable," it is no objection to the recording of a verdict that the jury have awarded gross damages as well as annual damages.

COMPLAINT for flowing land under the St. of 1866, *c.* 206.

At the trial before a sheriff's jury, the evidence tended to show that the complainants' lands were used in the cultivation of cranberries, and that the respondents had flowed the lands for several years during the winter and spring of each year, sometimes drawing off the water in April and sometimes in the early or middle part of May, and on one occasion, within three years prior to the date of the complaint, keeping the water on until May 28, and that they did this in pursuance of a theory of their own as to the method of cranberry culture, the complainants objecting, and contending that their cranberry vines and crops were greatly injured thereby.   It also appeared that cranberry vines require cultivation and occasional renewal.   The jury awarded past damages, annual damages and damages in gross, and further awarded that the dam be kept open from the twenty-eighth day of May until the first of December in each year.

The verdict was returned to the Superior Court; and the respondents moved that it be set aside; offered to waive and release, in any manner or by any instrument the court might direct or the complainants desire, all right to flow the complainants' lands from that time forward; and asked that the verdict might be so modified as to secure them against paying the damages assessed in gross, and also the annual damages therein named.   *Wilkinson,* J., declined to grant the respondents' motions; and ruled that the complainants were entitled to judgment on the verdict.   The respondents alleged exceptions.

*N. B. Bryant,* for the respondents.

*J. M. Day,* for the complainants.

ENDICOTT, J.   The St. of 1866, *c.* 206, purports to give to the owner of any land appropriated to the cultivation of cranberries the right to erect and maintain a dam thereon, across any stream not navigable, for the purpose of flowage and irrigation, subject to the terms, conditions and regulations contained in the Gen. Sts. *c.* 149, commonly known as the Mill Act, "so far as the same are properly applicable."   For the purposes mentioned in this act, the respondents erected a dam and flowed the land of the complainants; who instituted these proceedings for the assessment of their damages, as provided in the Gen. Sts. *c.* 149.   The jury returned a verdict, in which they state the sum due the complainants for past damages, and also the sum which shall be paid annually, or in gross, for the damages thereafter occasioned by the dam, as provided in §§ 18, 20–23.

The respondents contend, that, while the jury might properly find the past and annual damages, yet the provisions of the Gen. Sts. *c.* 149, relating to damages in gross, are not applicable to the case at bar.   But we are of opinion that no such distinction can be made.   Assuming that the jury are authorized to assess annual damages, it follows that they may assess the damages in gross, which the complainants may take, at their election, in lieu of, or as equivalent to, annual damages, as expressly provided in the sections of the statute above cited.   In ascertaining the annual damages to the land of a complainant, which is in the nature of an annuity determinable on the termination of the dam, and is a charge upon the estate in the hands of successive owners, continuing to maintain the dam, the jury are to determine the annual value of the land to the owner, considering the quality of the soil, and generally its productive powers, as if no dam had been erected.   *Palmer Co.* v. *Ferrill*, 17 Pick. 58, 67.   *Howe* v. *Ray*, 113 Mass. 88.   And they are to apply the same rule in determining what sum shall be awarded in gross as damages for the right to maintain and use the dam forever.   It is therefore immaterial to what particular use the land was devoted, whether to the cultivation of corn or cranberries, at the time the dam was erected. The party injured is to be compensated for being deprived of the uses to which his land is adapted, by the reason of its quality and productiveness, before the erection of the dam.

Nor is it any reason why gross damages may not be assessed in

this case, that the respondents are engaged in the cultivation of cranberries, which is an annual crop, that they may discontinue at any time; and that, if compelled to pay gross damages, at the election of the complainants, they could not recover them back on abandoning the cultivation. But this argument would equally apply to gross damages under the Mill Act, if the mill-owner should abandon his dam after paying damages in gross. It is to be presumed, when a person undertakes to exercise his right under the statutes to erect a dam, that he intends to maintain it, and damages are awarded in gross on that supposition. And if he continues to maintain it, when a complainant seeks to enforce the collection of his damages in gross under the Gen. Sts. *c.* 149, § 25, the complainant may have judgment and execution therefor. If he does not intend to maintain it, he should abandon it effectually before that time arrives.

At the hearing in the court below, on the question whether the verdict should be allowed and recorded, the respondents offered " to waive and release, in any manner or by any instrument the court may direct or the complainants may desire, all right to flow the complainants' land from this time forward;" and they asked that the verdict might be so far modified as to release them from paying either annual or gross damages. The presiding judge properly refused so to modify the verdict.

The provisions of the Gen. Sts. *c.* 149, for the payment of past and future damages assessed by a jury, are peculiar. If the complainant is entitled to recover, the jury shall assess the damages sustained within three years preceding the filing of the complaint, and to the time of rendering the verdict; and if the verdict is allowed and recorded, the complainant shall have judgment and execution therefor. § 18. But he is not entitled, when the verdict is allowed and recorded, to have judgment and execution for his annual or gross damages. If he elects to take damages in gross, instead of annual damages, he may do so by complying with the provisions of §§ 21, 22, and it is the duty of the owner of the dam to pay him. If he does not so elect, then he can be paid only the annual damages awarded him, so long as the dam is maintained. § 23. But if the annual or gross damages, as the case may be, are not paid, then the party entitled to them shall have a lien on the premises under § 24, and may

maintain an action of contract therefor, in which action he may have judgment and execution, the same to be levied on the premises subject to the lien.   §§ 25, 26.

In such an action for annual damages, the plaintiff is not entitled to recover, if, during the period for which annual damages are claimed, the defendant has ceased to flow the land of the plaintiff, in pursuance of an express abandonment of all right to maintain a dam.  *Fuller* v. *French,* 10 Met. 359.  *French* v. *Braintree Manuf. Co.* 23 Pick. 216, 221.  *Palmer Co.* v. *Ferrill,* 17 Pick. 58, 67.  *Williams* v. *Nelson,* 23 Pick. 141.  *Hodges* v. *Hodges,* 5 Met. 205.  *Commonwealth* v. *Fisher,* 6 Met. 433.  And it is a good defence to such an action brought to recover damages in gross, if the defendant has effectually and seasonably abandoned the privilege, and ceased to flow the land, and paid all damages accruing up to the time of the abandonment.  *Hunt* v. *Whitney,* 4 Met. 603.

But, in deciding whether the verdict shall be allowed and recorded, the presiding judge is not bound to try the question, whether, since the rendition of the verdict, the owner of the dam has abandoned his privilege ; and cannot be called upon to direct in what form or by what instrument such proposed abandonment shall be made effectual, or require the complainant to do so.  If there is no legal objection to the verdict, as rendered, it should be allowed and recorded ; the complainant is then entitled to judgment and execution for past damages ; and may pursue his remedy by action of contract to recover his annual damages or damages in gross, according as he may have elected, and to such an action the defendant may set up the defence of abandonment.                *Exceptions overruled.*