ABRAM OLLILA *vs.* JOHN H. HUIKARI & others.

Middlesex.　October 22, 1920. — January 7, 1921.

Present: RUGG, C. J., DE COURCY, CROSBY, CARROLL, & JENNEY, JJ.

*Mill Act. Limitations, Statute of. Damages,* Resulting from flowage. *Statute,* Revision, Construction. *Words,* "Injury."

The provision of § 4 of the mill act, R. L. c. 196, that compensation may be obtained under the act by the owner or occupant of land which has been overflowed or otherwise injured by a dam such as is therein described "if, within three years after such injury, he files a petition" under the act, does not require the dismissal, upon a motion by a respondent, of a petition brought more than three years after the building of such a dam, but merely limits the petitioner in his recovery to damages sustained within three years before the filing of the petition.

Mere verbal changes in the revision of a statute do not alter the meaning and are construed as a continuation of the previous law.

PETITION, filed in the Superior Court on December 24, 1918, under R. L. c. 196, for an assessment by a jury of damages suffered by the petitioner through flowage of his land by the respondents.

The respondents moved that the petition be dismissed because it did not appear that it was brought "within three years after the injury complained of, as required by R. L. c. 196, § 4." The motion was heard by *N. P. Brown,* J., and was allowed; and the petitioner alleged exceptions.

The case was submitted on briefs.

*T. Hillis,* for the petitioner.

*H. A. Wilson,* for the respondents.

DE COURCY, J.　This petition, dated December 20, 1918, is for damages under the mill act, R. L. c. 196. It alleges that from December 1, 1915, to the date of the petition the respondents maintained a dam across a certain non-navigable stream, in order to flow and irrigate land devoted to the cultivation and growth of cranberries; and that the land of the petitioner was thereby overflowed and injured. The respondents moved for the dismissal of the petition on the ground that it "was not brought within three years after the injury complained of, as required by R. L. c. 196, § 4." The single question raised by the exceptions is whether the

trial judge was right in his "ruling and entry" allowing the motion and dismissing the case.

Section 4 of the statute in question provides: "The owner or occupant of land which has been overflowed or otherwise injured by such dam may obtain compensation therefor if, within three years after such injury, he files a petition in the Superior Court" etc. The contention of the respondents, which apparently the judge adopted, is that the "injury" referred to is the building of the dam. An examination of other provisions of the statute shows that this construction is untenable. The dam may be maintained for an indefinite period, and the damage caused thereby a continuing one. By the express terms of § 8 "The jury shall assess the amount of damages sustained within three years last preceding the filing of the petition and to the date of their verdict." Under § 10 the jury must assess both annual and gross damages. The petitioner may elect to take the amount so awarded in gross (§ 11); if he does not, then either party dissatisfied with the annual compensation established may file a new petition for the increase or diminution of such compensation, or for ascertaining the gross amount of the damages; "but if a petitioner has declined to accept gross damages which have been awarded to him, they shall not be again assessed within ten years thereafter." (§ 21.) And § 27 provides "If, upon a petition by the owner of the land, the jury return a verdict that he is not entitled to any annual compensation, the judgment thereon shall not bar a new petition for damages alleged to have arisen after such verdict and for compensation for damages thereafter sustained." See *Palmer Co.* v. *Ferrill,* 17 Pick. 58; *Walker* v. *Oxford Woollen Manuf. Co.* 10 Met. 203; *Blackwell* v. *Phinney,* 126 Mass. 458.

The history of this legislation removes any doubt as to the correct interpretation of the clause "within three years after such injury" in § 4. Without going back to St. 1795, c. 74, and St. 1825, c. 109, we find in Rev. Sts. c. 116, §§ 4, 5, substantially the same provision for damages that now appears in R. L. c. 196, § 4. Instead of the words "within three years after such injury," the language of the earlier act is, "provided, that no compensation shall be awarded for any damage, sustained more than three years before the institution of the complaint." This language was retained in subsequent revisions of the statutes. Gen. Sts. c. 149,

§ 4. Pub. Sts. c. 190, § 4. The present phraseology was adopted by the commissioners for consolidating and arranging the Public Statutes; but there is nothing in their report, or in the report or the journal of the joint special committee of the Legislature, to indicate a legislative purpose to change the substance of the pre-existing law. "It is a familiar principle of statutory construction that mere verbal changes in the revision of a statute do not alter its meaning and are construed as a continuation of the previous law." *Main* v. *County of Plymouth*, 223 Mass. 66, 69. *Savage* v. *Shaw*, 195 Mass. 571. *Derinza's Case*, 229 Mass. 435, 442. Section 4 of the present statute, though in less explicit language than the earlier versions, merely limits the damages to those sustained within three years before the institution of the complaint. The trial judge erred in ruling otherwise; and the entry must be

*Exceptions sustained.*