THOMAS J. HUNT & another *vs.* DAVID H. TAYLOR & another,

The liability of the drawer, upon a bill of exchange payable to his own order, to a subsequent indorser who pays it after it has been dishonored by the acceptor, does not first accrue at the time of such payment, but the statute of limitations begins to run against it from the time of the dishonor of the bill.

The liability of the drawee, upon a bill of exchange accepted and dishonored by him, to an indorser who then pays it, is barred by a discharge of the drawee in bankruptcy proceedings begun after his dishonor of the bill, though before the payment by the indorser.

CONTRACT on a bill of exchange. The case was submitted to the judgment of the court on agreed facts, and argued at March term 1871 ; and is stated in the opinion.

*H. C. Hutchins & H. H. Currier*, for the plaintiffs.

*W. C. Endicott*, for the defendants.

BY THE COURT. The defendants made a draft on David H. Taylor, dated November 2, 1860, payable six months after date to their own order, and indorsed it to the plaintiffs. The plaintiffs indorsed it to William H. Dunbar, and on the 10th of April 1867, the draft not having been paid, Dunbar brought an action against the plaintiffs and defendants ; but, one of the defendants having been discharged in insolvency, and the other in bankruptcy, he discontinued as to them, and recovered judgment against the plaintiffs. The judgment was paid by the plaintiffs August 16, 1869, and this action is brought to recover the money thus paid, as money paid to the defendants' use. The defendants set up their several discharges in defence ; and they also plead the statute of limitations.

The right of action upon the instrument itself accrued at the time of its dishonor, namely, in May 1861 ; and the writ in this action is dated March 21, 1870. Thus it appears that the statute would be a bar to an action upon the contract, and if the action can be maintained it must be for money paid to the use of the plaintiffs on the 16th of August 1869.

We need not decide the question whether one who thus takes up a bill, on which he is liable as indorser, may recover for money paid, as a right then first accruing, against the real debtor or

party ultimately responsible; being satisfied that such right does not exist against one who is merely drawer or indorser of the bill. The undertaking of drawers or indorsers, defined by their relations to the instrument, is special and contingent. It is collateral to that of the acceptor. They are held to answer for the payment of the bill by the acceptor at maturity. No other obligation is imposed upon them, or implied by law from their relations to the instrument. Against that, the statute begins to run from the time when their liability is fixed.

Upon the agreed statement, the defendants, whether as drawers or indorsers, are not the parties from whom the amount of the bill is due as their own debt. Being liable only upon the bill itself, the claim against them is barred by the statute of limitations.

David H. Taylor, one of the defendants, is also acceptor of the bill. If any different liability might arise against him from that relation, it is barred by his discharge in bankruptcy. The United States bankrupt act of 1867, *c.* 176, in § 19 provides for the proof and allowance of claims by " any person liable as bail, surety, guarantor or otherwise for the bankrupt," who has not paid the debt, but is still liable for the same; and by § 34 all such claims are released by his discharge. The certificate of discharge is a complete defence in this case. *Mace* v. *Wells*, 7 How, 272. The validity of the discharge cannot be controverted here *Burpee* v. *Sparhawk*, *ante*, 111. *Way* v. *Howe*, *ante*, 502.

*Judgment for the defendants.*