## WELCOME A. THAYER *vs.* JOHN M. DANIELS.

Against a claim upon a principal debtor by a surety who has paid the debt, the statute of limitations runs, not from the time when the debt was due, but from the time when the surety paid it.

A promissory note was made by two persons, one as principal and the other as surety; the principal became insolvent, and the holder of the note proved it against his estate, and received a dividend; afterwards the surety paid the balance of the note. *Held,* that the claim of the surety to recover the balance from the principal was not barred by the latter's discharge in insolvency.

CONTRACT. The declaration alleged that the defendant as principal, and the plaintiff as surety, signed a note for $500, dated September 28, 1861, and payable on demand to Nathan George or order, with interest; that the plaintiff signed as surety without consideration, and for the accommodation of the defendant; that the defendant failed to pay the note; and that the plaintiff had to pay to George the principal of the note to take it up. The answer denied the allegations of the declaration, and also set up the statute of limitations, and a discharge of the defendant in insolvency.

At the trial in the Superior Court, before *Bacon,* J., it appeared that the plaintiff executed the note without any consideration, and for the accommodation of the defendant; that the defendant on February 11, 1862, filed his petition for the benefit of the insolvent law; that a warrant was duly issued; that at the third meeting of the creditors George proved the note against the defendant's estate; that a small dividend was then declared; that afterwards, in August 1862, the defendant was duly discharged from his debts; and that on May 1, 1865, the plaintiff paid to George on the note $500, which was less than the amount then due upon it, and took it up. The defendant asked the judge to

rule that the statute of limitations began to run against the plaintiff's cause of action from the time the note fell due; and that the discharge in bankruptcy was a bar to the action; but the judge refused so to rule, and ruled that on the foregoing facts the plaintiff was entitled to recover. The jury returned a verdict for the plaintiff, and the defendant alleged exceptions.

*P. E. Aldrich*, (*S. A. Burgess* with him,) for the defendant.

*T. G. Kent*, for the plaintiff.

AMES, J. There was an implied promise, on the part of the defendant, as principal, to indemnify the surety, and to repay to him all the money that he might be compelled, in consequence of his liability as surety, to pay to the creditor. Until the surety has been compelled to make such payment, there is no breach of this implied promise. The cause of action accrues then for the first time, and the statute of limitations then begins to run. Of course the exception that the claim of the plaintiff is barred by that statute cannot be maintained. *Appleton* v. *Bascom*, 3 Met. 169. *Hall* v. *Thayer*, 12 Met. 130.

At the time when the defendant petitioned for the benefit of the insolvent law, the plaintiff's cause of action against him had not accrued. Nothing was due at that time from the insolvent to the plaintiff, and whether anything would become due depended upon the contingency of his being compelled to pay, and actually paying, the note, in whole or in part. If the plaintiff had taken up the note, or made a payment upon it, at any time before the making of the first dividend, his claim for the money so paid would have been provable against the estate of the insolvent, under the Gen. Sts. *c.* 118, § 25, and would therefore have been barred by the discharge. But it appears from the report that no money was paid by the plaintiff as surety, and no cause of action accrued to him against the insolvent, until long after the first and only dividend was paid from his estate.

The case of *Mace* v. *Wells*, 7 How. 272, which is relied upon by the defendant, arose under the bankrupt act of 1841, a statute which differed from our insolvent law, in allowing sureties and other parties under a contingent liability to prove such contingent liabilities as claims upon the estate, and "when their debts and claims become absolute," to have them allowed.

The defendants also insist that the debt itself was provable and was therefore discharged ; but this is not true as to the contingent claim of the surety. He had no claim that was provable under the statute, at the date of the discharge.

Two other cases relied upon by the defendant, *Wood* v. *Dodgson*, 2 M. & S. 195, and *Vansandau* v. *Corsbie*, 8 Taunt. 550, were decided under English statutes which in express terms make the contingent liability of a surety a provable claim against the bankrupt's estate. In the first of these cases the court say that the statute was intended to benefit the sureties, by allowing them to share in the dividend before the estate is all gone, and before the actual payment of their liabilities. Neither of these decisions is applicable to a case under our insolvent laws.

*Exceptions overruled.*