WILLIAM M. FISHER *vs.* HORACE TIFFT & others.

Bristol.   Oct. 23, 1878. — Sept. 1, 1879.   ENDICOTT & LORD, JJ., absent.

A. and B. were members of a partnership. A. retired, and B. executed to him a bond of indemnity against all debts of the firm. A creditor of the firm recovered judgment against both A. and B. B. filed a petition in bankruptcy under the U. S. St. of March 2, 1867, and obtained his discharge; and A. subsequently paid the creditor a sum of money in settlement of the judgment. *Held,* that his claim against B. on the bond was provable under § 19 of the bankrupt act, and was barred by B.'s discharge.

MORTON, J. This is a suit against Horace Tifft, Milton W. Blackington and John E. Brewster upon a bond executed by them to the plaintiff on October 6, 1858. Prior to that date, the plaintiff and Tifft and Blackington were engaged in business as copartners under the name of H. Tifft & Co. On that day, the plaintiff sold his interest in the firm to Brewster, and the three defendants, who continued the business, executed the bond in suit, the condition of which is that the obligors shall pay all

the debts of the late firm of H. Tifft & Co., and shall save the said Fisher harmless by reason thereof. In 1861, a creditor of the old firm recovered a judgment upon a debt due by the old firm against all the members thereof, including the plaintiff, and, on June 1, 1868, the plaintiff was compelled to pay a portion of this judgment in order to obtain his discharge therefrom. He brings this suit to recover the amount thus paid, with interest and the expenses of defending said suit. The defendant Tifft alone defends, and sets up in bar of the action his discharge in bankruptcy, granted to him May 11, 1868, which discharges him from all debts and claims which by the bankrupt law are made provable against his estate, and which existed on the first day of August 1867, the day on which his petition in bankruptcy was filed.

The question in the case is whether this discharge is a bar to the action against Tifft. It is conceded that, if the plaintiff's claim was provable against the bankrupt's estate, the discharge is a bar.

The bankrupt law provides for the proof of " contingent debts and contingent liabilities contracted by the bankrupt, and not herein otherwise provided for," and also for proof by " any person liable as bail, surety, guarantor, or otherwise for the bankrupt," whether such person has paid the debt or not. U. S. St. March 2, 1867, § 19. U. S. Rev. Sts. §§ 5068–5070. We are of opinion that, under the latter provision, the plaintiff was entitled to prove his claim; and, therefore, that it is barred by the discharge.

It is true that the plaintiff was liable to the creditors of the old firm of H. Tifft & Co. at law as a co-debtor with the bankrupt. But when the partnership was dissolved, and the bankrupt promised to pay all the debts of the firm and gave the bond in suit, the relations between them were changed. As between themselves, in equity, the defendant became the principal debtor, the debt became his debt, and the plaintiff was his surety.

The English law provides for the proof of the debt of " any person who at the issuing of the commission shall be surety or liable for any debt of the bankrupt." St. 6 Geo. IV. c. 16, § 52. Under this statute, it has been held that when, upon the dissolution of a partnership, one partner covenanted with the retiring

partners to pay all the debts of the firm and to indemnify them therefrom, and after the bankruptcy of the obligor the obligees paid some of the firm debts, the retiring partners could prove their claim, and it was discharged by the certificate. *Wood* v. *Dodgson*, 2 M. & S. 195. See *Wallis* v. *Swinburne*, 1 Exch. 203. The same view is taken in *Crafts* v. *Mott*, 4 Comst. 603, and in *Fisher* v. *Tifft*, 12 R. I. 56.

The provision of the bankrupt act of 1867, for proof by "any person liable as bail, surety, guarantor, or otherwise for the bankrupt," is as broad as the corresponding provision of the English bankrupt law above cited, and includes equitable as well as legal sureties.

The plaintiff in this case, being in equity the surety of Tifft as to the claim he now sues, had the right to prove the claim in bankruptcy; and it follows that the discharge of the defendant is a bar. *Mace* v. *Wells*, 7 How. 272. *Hunt* v. *Taylor*, 108 Mass. 508. Notes to *Mills* v. *Auriol*, 1 Smith Lead. Cas. (5th Am. ed.) 931.

The case of *Morton* v. *Richards*, 13 Gray, 15, which is relied upon by the plaintiff, arose under our insolvent act, which provides for proof by a surety only where he has paid the debt before the making of the first dividend, and does not reach the case of a person who is liable for the insolvent debtor as an equitable surety. St. 1838, *c.* 163, § 3. It is not therefore applicable to the case at bar. *Thayer* v. *Daniels*, 110 Mass. 345.

As the principal debt of the plaintiff is barred by the defendant's discharge, the expenses of defending the suit brought against him by a creditor of the old firm of H. Tifft & Co., being accessory and consequential to it, are also barred. *Van Sandau* v. *Corsbie*, 3 B. & Ald. 13.     *Exceptions sustained.*

*E. Ames & J. Daggett*, for the defendant.

*E. H. Bennett*, ( *G. A. Adams* with him,) for the plaintiff.