CHARLES F. FAIRBANKS *vs.* FREDERICK N. LAMBERT.

Suffolk.   March 7. — June 28, 1884.   DEVENS & COLBURN, JJ., absent.

A bond to dissolve an attachment in an action was given, with the condition that it should become void if the principal obligor should pay the final judgment in the action, if any was recovered, within thirty days after the recovery. Judgment was recovered, which the principal obligor did not pay; and, three days before the expiration of the thirty days, he filed a petition in bankruptcy, was duly adjudicated a bankrupt, and received his discharge. A surety on the bond paid the judgment, two months after the adjudication, and brought an action against the bankrupt for the sum so paid. The thirty days after the recovery of the judgment elapsed . before the first meeting of the creditors of the bankrupt could have been held. *Held*, that the discharge in bankruptcy was a bar to the action.

CONTRACT for money paid. The case was submitted to the Superior Court, and, after judgment for the defendant, to this court on appeal, upon agreed facts, the material parts of which appear in the opinion.

*E. W. Hutchins & H. Wheeler*, for the plaintiff.

*W. E. Russell*, for the defendant.

FIELD, J. There are not enough facts stated to enable us to determine whether this plaintiff, as surety on the bond, had a defence against the obligee from the fact that the bond was not signed by both the principal obligors, as from the form apparently was intended. Neither do we find it necessary to determine whether the defendant, having procured the signature of the plaintiff as surety, and having beneficially used the bond for the purpose for which it was given, could set up any such defence against the surety. The bond was given to dissolve an attachment, and was on condition that it should become void if the principal obligors should pay the final judgment in the action, if any was recovered, within thirty days after the recovery. Judgment was recovered on June 27, 1877; the principal obligors did not pay the judgment; and on July 24, 1877, the defendant filed a petition in bankruptcy, and was thereafter duly adjudicated a bankrupt, and obtained his discharge on September 6, 1878. On September 17, 1877, the plaintiff paid the judgment, and thereafter brought this action, to which the defendant pleads in bar his discharge in bankruptcy. The discharge is a bar, if the plaintiff might have proved his claim

against the estate in bankruptcy. U. S. Rev. Sts. § 5119. It is argued that it was provable under either § 5068, § 5069, or § 5070. We think it was provable under § 5070.

The foundation of the defendant's liability to the plaintiff is the execution and delivery of the bond. The liability does not become absolute until judgment is recovered and the surety pays it. The plaintiff was liable to the obligee of the bond as surety for the bankrupt, although the liability of the bankrupt to the obligee was contingent upon the obligee's recovering judgment. He recovered judgment before the proceedings in bankruptcy were begun. The obligee of the bond could, at the first meeting of the creditors, have proved his judgment; and, after thirty days from the recovery of judgment, the plaintiff had the right to pay the judgment, and then would have his cause of action against the defendant; and the thirty days elapsed before the first meeting could have been held, and before the bankrupt could have made application for a discharge or there could have been any final dividend of the estate. U. S. Rev. Sts. §§ 5032, 5093, 5108. The plaintiff thus had full opportunity to appear and be heard in the proceedings in bankruptcy. *Fisher* v. *Tifft*, 127 Mass. 313.                          *Judgment affirmed.*