EDMUND F. WHEELER *vs.* GILMAN P. YOUNG.

Worcester.  Oct. 5, 1886. — Jan. 4, 1887.  DEVENS & W. ALLEN, JJ., absent.

If A.'s wife, at his request, and for the purpose of paying a debt due from him to B., borrows of C. a sum of money, giving C. therefor a promissory note signed by her and by D., and the money so borrowed is applied in payment of A.'s debt to B., and D. pays the judgment obtained in an action seasonably brought against him on the note by C., D. may maintain an action against A. for the amount so paid; and the statute of limitations does not begin to run until the date of such payment by D.

CONTRACT for money paid.  Writ dated November 18, 1884. The answer, among other defences, set up the statute of limitations.

At the trial in the Superior Court, before *Aldrich*, J., without a jury, there was evidence on the part of the plaintiff tending to show that, at the request of the defendant and for his use, namely, to pay a debt due from him to one Morse, the defendant's wife borrowed of Dolly Bond, in March, 1877, the sum of $175, and gave her therefor a promissory note signed by herself, and by the plaintiff as accommodation maker; that the money so borrowed was applied in payment of the defendant's debt to Morse; that an action was seasonably brought against the plaintiff on the note by the executor of said Bond; and that he paid the judgment obtained in said action in May, 1884.  The defendant contended that, under the pleadings and upon the evidence, the action could not be maintained.  The judge found for the plaintiff for the amount so paid; and the defendant alleged exceptions.

*D. B. Hubbard*, for the defendant.

*J. Hopkins*, for the plaintiff.

GARDNER, J.   The fair meaning of the bill of exceptions is this: the defendant requested his wife to borrow of Dolly Bond a certain amount of money to pay his debt, and to give her therefor a promissory note jointly signed by the wife and by the plaintiff.   This was done, and the money was received and applied to the payment of the defendant's debt.   In borrowing the money, in giving the note, and in paying the debt, the wife was the defendant's duly authorized agent.   Through his agent, the defendant requested the plaintiff to assume a legal obligation. When one pays money under a legal obligation, assumed by him at the request of another and for his benefit, the law implies a promise to repay on the part of the person at whose request and for whose benefit the obligation is assumed.

When the plaintiff paid the note which he had signed, and which, at the defendant's request, had been used by him to obtain money with which to pay his debt, it was in effect the payment of money by the plaintiff at the defendant's request. *Robinson* v. *Green*, 3 Met. 159.

The plaintiff had no cause of action against the defendant until he had paid the note, which he was legally bound to pay. The statute of limitations did not begin to run until the plaintiff had been compelled to make such payment.   *Thayer* v. *Daniels*, 110 Mass. 345.                          *Exceptions overruled.*