JOHN B. HUSSEY *vs.* JAY B. CRAWFORD & another.
LEWIS S. JUDD *vs.* SAME.

Bristol. November 1, 1890. — January 7, 1891.

Present: FIELD, C. J., W. ALLEN, C. ALLEN, & KNOWLTON, JJ.

*Insolvent Debtor — Bond to dissolve Attachment — Surety — " Contract " — Costs — Privileged Debts.*

A surety upon a bond to dissolve an attachment, given by a corporation before its insolvency, is entitled, under the Pub. Sts. c. 157, §§ 26, 129, upon paying a judgment for damages and costs afterwards recovered against it, to prove his claim before the making of the last dividend, and have it allowed as if it had been due and payable by the debtor before the first publication; but the amount so paid as costs is not provable as a privileged debt.

TWO APPEALS from orders of the Court of Insolvency disallowing claims presented against an insolvent corporation. The first case was submitted to the Superior Court on October 3, 1890, and the second case on October 7, 1890, on agreed facts, in substance as follows.

The Thayer and Judd Paraffine Corporation, more than six months before it filed a petition in insolvency, gave a bond to dissolve an attachment in an action of contract brought against it, which was signed by John B. Hussey and Lewis S. Judd as sureties. After the corporation was adjudged an insolvent debtor, the attaching creditor recovered judgment against it for

damages and costs to a large amount. The assignees in insolvency failed to pay this judgment, and Hussey, before the first dividend on the estate was ordered or paid, was compelled as such surety to pay on account of the judgment the sum of $933.34 as damages and $451.34 as costs, and Judd was also compelled to pay the sum of $466.66 as damages and $225.92 as costs. The assignees in insolvency had refused to repay the amount so paid as costs, as well as to request the Court of Insolvency to allow such amounts as a just and reasonable expense of the assignees in the settlement of the insolvent estate.

In the first case, the Superior Court, on October 7, 1890, ordered judgment for Hussey, whose claim for costs was filed as a " preferred claim," allowing his claim generally, and the assignees appealed to this court. In the second case, that court, on October 10, 1890, ordered judgment for Judd, allowing his claim, " but no part preferred," and the assignees appealed to this court. Judd also appealed from so much of the order as disallowed his claim for costs as a preferred debt.

*L. LeB. Holmes & E. D. Stetson*, for Hussey.

*J. L. Gillingham*, for Judd.

*H. K. Braley & M. G. B. Swift*, for the assignees.

C. ALLEN, J. It is provided in the Pub. Sts. c. 157, § 26, that " if the debtor is liable for any debt in consequence of . . . the payment of any sum by a surety of the debtor in any contract, if the payment is made before the making of the first dividend, such debt may be proved and allowed as if it had been due and payable by the debtor before the first publication." Under § 129 of the same chapter, such claims may be proved against an insolvent corporation before the making of the last dividend. The language of the above sections is broad enough to embrace the claims of these sureties. The bond which they signed as sureties was certainly a contract; and they became sureties of the insolvent corporation in a contract. They are within the equity which the above sections were intended to protect, and there is no good reason for seeking a narrow construction which would exclude them. *Fairbanks* v. *Lambert*, 137 Mass. 373.

The claim to prove the amounts paid for costs as privileged debts must be disallowed. Under § 139 of the chapter above referred to, when an attachment on mesne process " has been

dissolved by bond given by the defendant, if the claim upon which the suit was commenced is proved against the estate of the debtor, the plaintiff may also prove the legal fees, costs, and expenses of the suit, and of the custody of the property, and the amount thereof shall be a privileged debt." Section 104 of the same chapter declares the order in which privileged debts shall be paid, placing fifth, " Legal fees, costs, and expenses of suit, and for the custody of the property proved as preferred under section one hundred and thirty-nine." The plaintiff in the suit could not prove the claim for costs, because the claim upon which the suit was commenced was not proved, and could not be, since it was merged in the judgment. *Sampson* v. *Clark*, 2 Cush. 173. *Wyman* v. *Fabens*, 111 Mass. 77, 80. The right to prove costs as a privileged debt is fixed and limited by § 139, and this right is not enlarged by § 104, cl. 5. The sureties can only prove the amounts paid for costs as ordinary debts.

The question is not presented in these cases whether the Court of Insolvency in its discretion had authority to order the assignees to defray the costs as expenses properly incurred for the benefit of the estate. *Abbott* v. *Stearns*, 139 Mass. 168. The question here is as to the legal right of the sureties to prove the amounts paid by them for costs as privileged claims. With the exception that the costs paid by the surety in the first case are not to be allowed as preferred, the entries must be,

*Judgments affirmed.*