CHARLES McDERMOTT vs. DANA L. HALL.

Plymouth.    October 16, 1900. — December 3, 1900.

Present: HOLMES, C. J., KNOWLTON, MORTON, LATHROP, & HAMMOND, JJ.

*Agreement to build between Contractor and Owner of Premises — Liability of Contractor for Amount of Liens paid by Owner — Defence of Discharge in Insolvency.*

Within the meaning of a contract whereby the defendant, who had agreed with the plaintiff to build a house for him, became liable to the plaintiff for the amount of liens chargeable to the defendant and paid by the plaintiff, the defendant is in default as much in failing, by reason of insolvency, to pay the claim which was the foundation of the lien, as if he had failed to pay it from a wilful purpose to cheat his creditors; and the claim is not barred by the defendant's discharge in insolvency, as, payment not having been made nor the liability fixed until after the close of the insolvency proceedings, the claim is not provable under the insolvent laws of the Commonwealth.

CONTRACT, in writing, for the building of a house. The case was submitted to the Superior Court, and, after judgment for the plaintiff, to this court, on appeal, upon agreed facts, the nature of which appears in the opinion.

*W. Goddard*, for the defendant.

*F. M. Bixby*, for the plaintiff.

KNOWLTON, J. The defendant, as a contractor, built a house for the plaintiff. The contract contained this language: "If at any time there shall be evidence of any lien or claim for which, if established, the owner of the said premises might become liable, and which is chargeable to the contractor, then the owner shall have the right to retain out of any payment then due or thereafter to become due, an amount sufficient to completely indemnify him against such lien or claim. Should there prove to be any such claim after all payments are made, the contractor shall refund the owner all moneys that the latter may be compelled to pay in discharging any lien on said premises made obligatory in consequence of the contractor's default." The defendant filed a petition in insolvency on February 11, 1896, and the publication under it was on February 15, 1896. Proposals for composition were filed on March 27, 1896, and the

composition was confirmed on April 27, 1896. The defendant was granted a discharge on April 27, 1896.

Donnelly Brothers, who did work on the building under a contract with the defendant, filed their certificate for a lien on the building on February 21, 1896, and on March 9 of the same year filed in a police court their petition for the enforcement of the lien. Their lien was established in the police court on April 11, 1896, and on appeal was finally established in the Superior Court in December, 1898. The plaintiff was obliged to pay about $250 to discharge it, and he afterwards brought this suit under the above quoted provision of the contract for reimbursement.

The payment was such as was intended to be covered by the contract. Within the meaning of the contract the defendant was in default as much in failing, by reason of insolvency, to pay the claim which was the foundation of the lien as if he had failed to pay it from a wilful purpose to cheat his creditors.

The principal question in this case is whether the plaintiff's claim is barred by the defendant's discharge in insolvency. The answer to the question depends on whether the claim was provable against the defendant in insolvency. Pub. Sts. c. 157, §§ 26, 81. *Fairbanks* v. *Lambert*, 137 Mass. 373. If the defendant had been in bankruptcy under U. S. St. 1867, c. 176, § 19, the claim probably would have been provable. See U. S. Rev. Sts. §§ 5068, 5069, 5070. *Fisher* v. *Tifft*, 127 Mass. 313. *Fisher* v. *Tifft*, 12 R. I. 56. *Fairbanks* v. *Lambert, ubi supra.* These statutes provided generally for the proof of contingent claims by " any person liable as bail, surety, grantor or otherwise for the bankrupt." Our statute in regard to insolvency is very different. It permits the proof of that which is absolutely due but not payable at the time of the first publication of notice, and of certain contingent claims when the contingency or loss happens, or the payment is made before the making of the first dividend. Claims like that now before us, in which the payment was not made nor the liability fixed until after the close of the insolvency proceedings, are not provable. *French* v. *Morse*, 2 Gray, 111. *Bennett* v. *Bartlett*, 6 Cush. 225. *Thayer* v. *Daniels*, 110 Mass. 345. *Hussey* v. *Crawford*, 152 Mass. 596.

The defendant contends that this is an " equitable liability" which was provable under St. 1884, c. 293. We are of opin-

ion that it is not an equitable liability within the meaning of this statute. It is a contingent legal liability founded on an express promise in writing signed by the defendant. If, in view of equitable considerations growing out of the relations of the parties, it can be considered in any sense an equitable liability, it still remains a contingent liability, and it was not the intention of the Legislature to put the holder of a contingent equitable claim in any better position than the holder of a similar legal claim.                    *Judgment affirmed.*