CHARLES J. McINTIRE, Judge of Probate, *vs.* MILLARD F. COTTRELL.

Middlesex.     January 15, 1904. — February 26, 1904.

Present: KNOWLTON, C. J., LATHROP, BARKER, HAMMOND, & BRALEY, JJ.

*Insolvency.     Surety.*

Under Pub. Sts. c. 157, § 26, (R. L. c. 163, § 31,) a judgment against an administrator on a debt due from the estate, on which no demand for payment has been made upon the administrator, is not a debt "absolutely due" from a surety on the administrator's bond, and therefore a discharge in insolvency of the surety is no bar to an action against him brought on the administrator's bond by the judgment creditor, where the administrator has committed a breach of his bond by failing to administer the estate according to law, but where no demand for the payment of the judgment had been made on the administrator at the time of the first publication of the notice of the issuing of the warrant in insolvency.

CONTRACT against a surety on the bond of Fred M. Phillips, given as administrator of the estate of William M. Phillips, late

of Reading, in behalf of James M. Riley, holding a judgment against the administrator in an action brought on a judgment obtained against William M. Phillips in his lifetime. Writ dated December 19, 1902.

The defendant, in his answer as amended, alleged among other things, that since the date of the judgment against the administrator the defendant was petitioned into insolvency and had been discharged, and that the claim sued upon was a provable claim against the estate of the defendant and might have been proved against his estate by the plaintiff, and therefore was barred by the discharge of the defendant in insolvency.

In the Superior Court the case was submitted upon agreed facts, and judgment was ordered for the defendant. The plaintiff appealed.

By the agreed facts, it appeared, that the first publication of the warrant issued upon the petition in insolvency was on May 24, 1890; that on February 3, 1890, James M. Riley obtained his judgment against Fred M. Phillips, administrator; that on March 15, 1890, execution issued on this judgment; that on May 26, 1890, the execution was returned to court unsatisfied, and an alias was asked for and issued; and that by virtue of the alias execution on June 11, 1890, demand was made upon the administrator, Fred M. Phillips, by an officer properly qualified to make such demand, for the payment of the judgment, and the administrator failed to pay the judgment.

*C. C. Bucknam*, for the plaintiff.

*V. Goldthwaite*, for the defendant.

KNOWLTON, C. J.   The plaintiff in interest is a creditor of the estate of William M. Phillips, deceased, and he sues the defendant as a surety upon the probate bond of the administrator. There has been a breach of the bond, and the only defence which we need to consider is the proof of a discharge in insolvency which was duly granted to the defendant by the Court of Insolvency in Norfolk County. The plaintiff's claim was not mentioned or referred to in the proceedings in insolvency, and the question is whether it was provable in those proceedings. If it was, it is barred by the discharge, and judgment should be entered for the defendant. If it was not, judgment should be entered for the plaintiff.

By the Pub. Sts. c. 157, § 26, which was in force when the proceedings in insolvency were commenced, claims provable in insolvency are defined. The definition, so far as it is material to the present case, includes "debts due and payable from the debtor at the time of the first publication of the notice of issuing the warrant," and "debts at that time absolutely due, although not payable." The provisions of the section in regard to certain contingent claims are not applicable to this one. The question is whether the plaintiff had a debt against the defendant, absolutely due at the time of the publication of the warrant. His only claim against him was as a surety upon the contract contained in the administrator's bond. At that time the plaintiff had recovered a judgment against the administrator for a debt due from the estate, but the administrator had not been asked to pay the judgment, although subsequently a demand was made upon him.

The liability of a surety upon such a bond does not constitute a debt until after there has been a breach of the bond. *Loring* v. *Kendall*, 1 Gray, 305, 314. *Sleeper* v. *Miller*, 7 Cush. 594. *Mann* v. *Houghton*, 7 Cush. 592. The stipulation in the bond which applies to this case is that the administrator shall administer according to law all the personal estate of the deceased which shall come to his possession, etc. This implies that he shall pay the debts if he has assets. But there is no violation of this stipulation as to any debt, until it has been established by a judgment, and the administrator has failed to pay the judgment on demand. Pub. Sts. c. 143, § 10. (R. L. c. 149, § 20.) Not until after this does the cause of action upon the bond arise. Even then the administrator and the sureties may defend successfully by showing that the assets have been used according to law. *Fuller* v. *Connelly*, 142 Mass. 227. The demand upon the administrator after judgment is not merely a preliminary, which stands instead of an authorization by the Probate Court to bring a suit upon a previously existing debt, but it is an essential to the creation of the debt itself upon the bond. Until the demand is made, it cannot be known that the administrator will not pay the judgment. The liabilty on the bond is contingent upon his failure to pay on demand. In *Heard* v. *Lodge*, 20 Pick. 53, 57, this was assumed by Chief Justice Shaw, before whom the case

was tried at *nisi prius,* and by the full court afterwards, in the opinion. See also to the same effect, *Newcomb* v. *Goss,* 1 Met. 333, 335; *Newcomb* v. *Williams,* 9 Met. 525, 536. We are of opinion, therefore, that there was no debt on the bond due absolutely from the defendant at the time of the first publication of the notice, and that therefore the claim was not provable against his estate.

Cases dealing with other subjects, but somewhat analogous in principle, are *French* v. *Morse,* 2 Gray, 111, *Thayer* v. *Daniels,* 110 Mass. 345, *McDermott* v. *Hall,* 177 Mass. 224, and *Murray* v. *Wood,* 144 Mass. 195.

*Judgment for the plaintiff.*