## ELIZABETH F. DORR *vs.* HENRY J. SCHENCK.

Suffolk.    January 27, 1905. — March 3, 1905.

Present: KNOWLTON, C. J., MORTON, LORING, & BRALEY, JJ.

*Practice, Civil,* Exceptions. *Negligence,* Contributory.

The judge who presided at a trial properly may allow a defendant to amend his
bill of exceptions although the time for filing exceptions has expired by adding
to the statement that the judge refused to rule at the close of the plaintiff's evi-
dence that the plaintiff could not recover a further statement that the judge
again refused to make that ruling at the close of all the evidence, if it appears
that this was what the defendant originally intended to state but that inadvert-
ently he left the statement incomplete.

A person attempting to cross a city street containing parallel tracks of a street
railway and a structure supporting an elevated railway above them, who waits
to let a surface car go by on the nearer track and then to let another surface
car go by on the farther track, the last car stopping on or near the crossing, and
then passes together with other persons who are crossing the street behind this
car to get upon the sidewalk beyond, and is struck by a rapidly moving horse
and wagon, in an action against the driver of this team may be found to have
been in the exercise of due care.

PETITION to prove exceptions, in an action of tort for personal
injuries from being run down by the horse and wagon of the
defendant while the plaintiff was crossing Washington Street in
Boston after coming from Waltham Street, on August 6, 1901.
Writ dated August 14, 1901.

At the trial in the Superior Court before *Hardy,* J. the jury
returned a verdict for the plaintiff in the sum of $300 on March
3, 1904.    On April 21, 1904, the period for filing exceptions
having been extended to include that date, the defendant filed
a bill of exceptions.    On October 28, 1904, on application of the
defendant the judge allowed him to amend his bill of exceptions
by striking out the words "plaintiff's case" and inserting the
words "all the evidence" in the manner described in the
opinion.    Whereupon the plaintiff filed this petition to prove
the exceptions as they stood before the amendment, alleging
that the amended bill of exceptions was not reduced to writing
and filed within the period of time allowed by law.

*A. G. Sleeper,* for the defendant.

*L. E. Guillow,* for the plaintiff.

KNOWLTON, C. J. We have now the unusual case of a prevailing party, against whom exceptions were taken, presenting a petition to prove the exceptions filed by his adversary. The petition is brought under R. L. c. 173, § 110, which applies not only to cases in which the judge disallows or fails to sign and return the exceptions, but also to cases in which he alters any statement therein. In this case the judge allowed the defendant, the excepting party, to alter the exceptions, against the plaintiff's objection, and the plaintiff treats this as an alteration of them by the judge, within the meaning of the statute. Assuming that she is correct in this, we must consider the nature of the alteration.

It is a familiar rule of law that amendments and alterations of exceptions, after they are filed, are presumably for the purpose of presenting the questions of law in the best form. As was said in *O' Connell, petitioner*, 174 Mass. 253, 256, " Absolute accuracy in all cases, in reducing exceptions to writing, is not to be expected. Accordingly, great liberality is shown in permitting amendments to bills of exceptions before they are allowed. When a party has in good faith attempted to comply with the statute in making his statement conformable to the truth, he should have ample opportunity before the judge to supply omissions and correct errors." But if he fails to file a bill of exceptions within the prescribed time, he loses his right to have them considered, and if he files a bill containing certain exceptions and omits altogether to include certain others that were duly taken, these cannot be added to a bill after the expiration of the time within which they might be filed. *Morse* v. *Woodworth*, 155 Mass. 233, 241. *O' Connell, petitioner, ubi supra*. *Hector* v. *Boston Electric Light Co.* 161 Mass. 558. This brings us to the facts of the present case.

At the close of the plaintiff's evidence, the defendant asked the judge to rule that there was no evidence that would warrant a verdict for the plaintiff. The judge refused, and the defendant took exception. The defendant then called witnesses, and at the close of the evidence made the same request, and on its refusal took exception. His bill of exceptions stated the request and exception in reference to the plaintiff's evidence, but failed to mention the subsequent request and exception. He was

allowed by the judge, long after the expiration of twenty days, to amend his bill so as to state the exception as taken on the refusal of the request made at the close of all the evidence.

If we are to construe the bill strictly, as intended to include only what occurred at the end of the plaintiff's evidence, and consider the exception referring to all the evidence as a separate and independent subject, the amendment was allowed improperly, and the plaintiff was aggrieved by the order. If we construe it liberally, looking at the probable purpose of the defendant to state in full his exceptions upon the evidence, the amendment should be held proper, for the purpose of presenting that which was intended but inadvertently left incomplete. We think that the right of amendment should be treated liberally, in view of the purpose of a bill of exceptions, and the pressure of business under which such papers are often drawn. Perhaps we ought not to go so far as the statute goes in permitting amendments to pleadings in actions at law. R. L. c. 173, § 48. But it would be unjust to hold a party so strictly that, if he had an exception in mind in preparing his bill, he should be deprived of it on account of an imperfection in his mode of stating it. While the question in this case is not free from difficulty, we are of opinion that the defendant, in his original bill, undertook to state his exception as to the evidence, but accidentally omitted to state it in full. The petition to prove the exceptions as filed is denied, and the case will be considered on the bill as allowed.

This presents the single question, whether there was any evidence that the plaintiff was in the exercise of due care. We need not refer to the evidence in detail. As a general rule, it is a question of fact for a jury whether one who crosses a public street without watching for approaching teams is in the exercise of due care. *Murphy* v. *Armstrong Transfer Co.* 167 Mass. 199, and cases cited. This plaintiff was crossing Washington Street in Boston with others on the same cross walk. There were double surface tracks of an electric railway at that point, and above was the structure of the elevated railway near the side of the street. The plaintiff and others first waited for the passage of a surface car on the track immediately before her, towards her right, and then she waited for the passage of another car on the next track, towards her left. This car stopped just upon or

beyond the cross walk on which she was going. She waited for it to go, and then as she passed behind it, near others who left the car to go to the side of the street, the rapidly moving horse and wagon of the defendant struck her in a narrow passage in the street, between the supports of the elevated railway track and the sidewalk. Others barely escaped, the wheels brushing the clothing and soiling the skirt of one of them.

We are of opinion that it was for the jury to determine whether she was exercising such care as persons of ordinary prudence should exercise under like circumstances.

*Petition to prove exceptions denied ; exceptions overruled.*