ARTHUR F. SULLIVAN *vs.* CRAVE AND MARTIN COMPANY.

Suffolk.    November 15, 1906. — January 2, 1907.

Present: KNOWLTON, C. J., HAMMOND, LORING, BRALEY, & SHELDON, JJ.

*Practice, Civil,* Exceptions.

The refusal of a judge, after the filing of a bill of exceptions and more than twenty days after the verdict, to allow the amendment of the bill by the insertion of an exception to the exclusion of certain questions put to a deponent, is no ground for exception.

The admission at a trial of evidence which is admissible for a limited purpose and otherwise is immaterial, if the purpose for which it is admitted is pointed out carefully by the judge in his instructions to the jury, is no ground for exception.

---

* The defendant at the trial was not represented by the counsel who argued the case before this court.

CONTRACT to recover commissions for the sale of chocolate and cocoa while the plaintiff was selling the defendant's goods in the city of Boston. Writ in the Municipal Court of the city of Boston dated October 26, 1903.

On appeal to the Superior Court the case was tried before *Lawton*, J. It appeared that the defendant was a wholesale dealer and manufacturer of chocolate and cocoa in the city of New York; and that the plaintiff was its New England agent, having a place of business in the city of Boston, and acted as such agent for a period of about three years. In the course of the trial it appeared that the defendant disputed only two items of the plaintiff's claim, one for the sale of twenty-five thousand pounds of cocoa to the Ginter Grocery Company to be delivered by the defendant to the Ginter Grocery Company in such quantities as might be required from time to time, and the other for fifteen thousand pounds to be delivered by the defendant to the John T. Connor Company as might be required from time to time.

The jury returned a verdict for the plaintiff in the sum of $1,149.97, and the defendant alleged exceptions, raising only the questions which are referred to in the opinion.

In regard to the amendment to the bill of exceptions offered by the defendant containing a statement of the exclusion by the judge of certain questions in the deposition of one Martin, mentioned in the opinion, the judge ruled that "the statement was not a claim of the exceptions saved at the trial to the exclusion of evidence in the deposition, the twenty days within which exceptions may be filed having·expired."

The character of the evidence admitted by the judge for a limited purpose appears sufficiently in the opinion.

*H. N. Allin,* for the defendant.

*A. H. Russell & G. C. Coit,* for the plaintiff, were not called upon.

BRALEY, J. By R. L. c. 173, § 106, while exceptions taken at a trial must be reduced to writing, and the bill filed within twenty days after verdict, it is common practice at the hearing to determine whether they are conformable to the truth to allow amendments for the purpose of more fully or accurately stating the exceptions alleged. But if the statutory time has expired

an exception not stated originally cannot be added by way of amendment without the consent of the adverse party, and of the presiding judge. *Arvilla* v. *Spaulding*, 121 Mass. 505. *Currier* v. *Williams*, 189 Mass. 214. In the bill as filed the exceptions to the exclusion of the questions put to the deponent, Martin, were omitted, and as the time had expired within which they could be inserted as of right, the judge was not required to allow them, and having been properly disallowed they are not open for argument in this court. *Hector* v. *Boston Electric Light Co.* 161 Mass. 558, 560.

The remaining exceptions are not well taken. The action being for the recovery of a commission for a sale of goods on the defendant's account, evidence was admissible to show the history of their business relations which defined the nature and extent of the plaintiff's employment. *Howe* v. *Ray,* 113 Mass. 88, 91. Both parties in making sales of cocoa in this Commonwealth were required to comply with the provisions of R. L. c. 75, §§ 16, 18, prohibiting the sale of adulterated food. From the fragmentary statements in the exceptions, which do not purport to contain all the testimony, it is uncertain upon what ground the plaintiff contended that the notices sent by the public authorities to resident customers that the cocoa previously sold was impure were relevant, although the defendant had been informed of their contents. But after counsel for the defence either had declined to disclose his defence, or had stated his objection to be that the notices were not within the statute, or were immaterial, they were admitted solely as incidents connected with the plaintiff's agency in selling the defendant's goods.

This limited purpose having been carefully pointed out in the instructions, and the jury cautioned that the notices could not be considered as proof of the quality of the goods shipped under the sales upon which a commission was claimed, the defendant has no just ground of exception. *Burghardt* v. *Van Deusen,* 4 Allen, 374. *Kingman* v. *Tirrell,* 11 Allen, 97. *Worcester Coal Co.* v. *Utley,* 167 Mass. 558, 560. *Paquette* v. *Prudential Ins. Co., ante,* 215.

*Exceptions overruled.*