No. 3065 Northern Middlesex, ss.

ALDORASI (Harold Widetzky—Bernard Wall)
v. FIORE et al (David H. Aronson—Hyman Krinsky)

From the District Court of Somerville—Sherman, J.
Argued Dec. 29, 1941—Opinion filed Jan. 27, 1942

WILSON, J. (Jones, P. J., and Pettingell, J.)—This is an action of contract. The defendants' answer, so far as now material, is a general denial.

At the trial there was evidence tending to show that the defendants were husband and wife, and together with the plaintiff and one D'Onofrio gave a promissory note to one Rosie C. Cogliano which was for a loan to the defendants; the plaintiff and said D'Onofrio having executed said note for the accommodation of the defendants. Upon said debt, judgment was obtained by said Cogliano against said defendants, and the plaintiff and said D'Onofrio. A second suit upon said judgment resulted in a judgment against all of the defendants. All said judgment debtors were before the District Court of Somerville as judgment debtors in Supplementary Process proceedings.

At that time, the present plaintiff talked with the present defendants, and the defendants said, "You pay the money; we'll pay you later." As the result of said promise, the present plaintiff paid said judgment and the execution was returned to court "Satisfied in full." The amount paid by the plaintiff to satisfy said execution was $1,000.00. The court found for the plaintiff.

The defendant seasonably filed several requests for rulings, and now claims the trial court erred in refusing the following:

1. That on all the law the plaintiff is not entitled to recover on either count against either defendant or both.

2. That on all the evidence, the plaintiff is not entitled to recover on either count against either defendant or both.

3. That on all the laws, evidence and pleadings, the plaintiff is not entitled to recover on either count or against either defendant or both.

[ 124 ]

11. That if the plaintiff was obliged to pay money as set forth in the plaintiff's declaration, count 1, it does not give the plaintiff a cause of action against defendants, or against either one of them.

If, upon any view of the evidence, a finding for the plaintiff was permissible, there was no error in the denial of the defendants' first request. *Millmore* v. *Landau,* 307 Mass. 589. See also *Forbes* v. *Gordon & Gerber, Inc.,* 298 Mass. 91.

The second and third requests were requests "upon all the evidence" and required specification as provided in Rule XXVII, District Courts (1940). *Holton* v. *American Pastry Products Corp.,* 274 Mass. 268.

The character of the obligation of the defendants to the plaintiff was not changed by the judgment obtained by the payee of the note against all the parties to the same, including the present plaintiff and defendants. *Yale University* v. *Weisman,* 296 Mass. 239. *Brown* v. *Hannagan,* 210 Mass. 246.

The plaintiff remained an accommodation party or surety for the defendants. They still remained liable to him as principal to surety. *Carpenter* v. *King, supra.* It was said in *Wheeler* v. *Young,* 143 Mass. 143:

"When one pays money under a legal obligation, assumed by him at the request of another and for his benefit, the law implies a promise to repay on the part of the person at whose request and for whose benefit the obligation is assumed."

It seems to us that the instant case is covered by the rule there stated and the trial court properly refused the defendant's requests for rulings numbered 1 and 11.

Whether the bankruptcy of one of the defendants was a bar to recovery of a judgment, we are not called upon to determine. No evidence of a discharge in bankruptcy was introduced in the supplementary proceedings or in the instant case. Something more than an allegation in the defendants' answer must appear. *Allard* v. *Estes,* 292 Mass. 187. *Badger* v. *Jordan Marsh Co.,* 256 Mass. 153, 156.

No prejudicial error appears and the report is dismissed.