Pettingell, P. J.
Action of contract. The plaintiff was an accommodation maker on a note and the defendant was the principal who received the money. 'There was one other accommodation maker. The note called for instalment payments none of which were ever made. The last payment became due on November 16, 1931 and on November 14, 1931, the defendant was' adjudicated ¡a bankrupt. The claim declared upon in this' action was duly scheduled and allowed hut no proof of claim was made by anyone. May 17, 1932, the defendant was discharged; in bankruptcy.
The note in question was witnessed. Suit was brought against the plaintiff as co-maker of the note in 1944 and he paid $200 in settlement of the claim and now sues to re>cover. The sole issue in the case is whether he is barred from recovery by the defendant’s discharge in bankruptcy. *46 There was a finding for the defendant. The plaintiff requested six rulings, which, with their dispositions, were as follows:
1. On all the' facts, judgment should be for the plaintiff. Denied, as 1 find that on all the facts judgment should be for the defendant*
2. On all the facts and law, judgment .should be for plaintiff. Denied as I find that on all the facts and law judgment should be for the defendant, as I find that the plaintiff’s ,claim in this action was a provable claim against the estate of the bankrupt Harvey J. Corbeil, (the defendant in this action), and that Corbeil’s discharge in bankruptcy duly pleaded in this case, is a bar to plaintiff’s recovery in this action.
3. Plaintiff was not discharged from his obligation to payee on the note (Exhibit 4) which he .signed as co-maker and which defendant signed as principal by the Bankruptcy of the defendant — see (Sec. 16 Bankruptcy Act). Allowed.
4. Plaintiff has no. claim against the defendant arising out of the note (Exhibit 4) until plaintiff settled the note claim. Denied.
5. Plaintiff had no provable debt against the defendant at time of bankruptcy of defendant. Denied as 1 find that the plaintiff did have a provable claim agaimst the defendant at the time of the bankruptcy of the defendant, even though plaintiff made no payment on account of note in question, wntil long after defendant’s discharge in bankruptcy.
6. Plaintiff’s claim against defendant made in this suit was not discharged by bankruptcy of defendant. Denied.
The plaintiff’s contention is that the defendant’s liability does, not arise out of the note but on an implied promise, created by .the circumstances.
“When one pays money under a legal obligation, assumed by him at the request of another, the law im *47 plies a promise to repay on the part of the person' at whose request and for whose benefit the obligation is assumed. . . .
“The plaintiff had no cause of action against the defendant until he had paid the note which he was legally bound to pay. The statute .of limitations did not begin to run until the plaintiff had been compelled to make such payment.” Wheeler v. Young, 143 Mass. 143, at 144; Thayer v. Daniels, 110 Mass. 345, at 346; Ricker v. Ricker, 248 Mass. 549, at 551, at 552.
Such a co-maker is not a surety. Union Trust Co. v. McGinty, 212 Mass. 205, at 207.
As the defendant was adjudicated a bankrupt in 1931 the case is to be decided under the Bankruptcy Act of 1898’, as amended in 1926 ; the amendments o-f 1934 and 1938 do not affect the case.
In Williams v. U. S. Fidelity Co., 236 United States Supreme Court 549, the identical contention advanced here by the plaintiff was passed upon and decided adversely to the plaintiff. It is true that was an action to recover by a surety who had performed, a contract which its principal had abandoned but the principle involved is as applicable to co-makers of -accommodation notes. The headnote- of that case states that it applies to ‘ ‘ sureties and endorsers on commercial paper and others similarly situated” and continues that such persons have a provable claim against the bankrupt principal even though at that time there has been no default on the part of the bankrupt.
After pointing out that the one secondarily liable has the right to prove a claim in the name of the creditor if the creditor does not prove the claim, it say®
“It would be contrary to the basal spirit of the Bankrupt Law to permit a surety, by -simply postponing compliance with his own promise in respect of a liability until after bankruptcy, to preserve a right of *48 recovery against his principal notwithstanding the discharge would have extinguished this, if .the- surety had promptly performed as he agreed. Such an interpretation would def eat a fundamental purpose of the enactment.”
Williams v. U. S. Fidelity Co. is contrary to Ricker v. Ricker, supra, but in accord with Massachusetts cases decided under the early bankruptcy statutes. Hunt v. Taylor, 108 Mass. 508. Fisher v. Tift, 127 Mass. 313. Fairbanks v. Lambert, 137 Mass. 373. See 6 American Jurisprudence, Section 119.
The fourth request states, the Massachusetts law correctly as to the liability of a principal debtor to an accommodation co-maker, other than as regards bankruptcy. It would have been better practice to allow 'the defendant’s fourth request. The ruling of law given as the answer to the second and fifth requests, however, correctly states the law and demonstrates .that if there was any error in the disposition of the fourth request it was not prejudicial error.
As there was no prejudicial error in the disposition of the plaintiff’s, requested rulings', the report is to be dismissed.

 The trial court’s rulings and findings on each of the plaintiff’s requests for rulings are printed in italics following the request.