48 U.S. 272
 6 How. 272
 12 L.Ed. 698
 TIMOTHY L. MACE, PLAINTIFF IN ERROR,
v.
JARED WELLS.
 January Term, 1849
 
 THIS case was brought up from the Supreme Court of Judicature of the State of Vermont, by a writ of error issued under the twenty-fifth section of the Judiciary Act.
 The following statement of facts was argued upon by the counsel in the court where the cause was originally tried.
 Orange County Court, December Term, 1844.
 
 JARED WELLS v. TIMOTHY L. MACE AND TRUSTEES.
 
 Action of Assumpsit for money paid.
 The parties agree to the following facts in this case:—That the plaintiff signed two notes with the defendant, of the dates and tenor following:——
 '$35.00.
 Wells River, July 9, 1840.
 'For value received, I promise to pay Hiram Tracy, or order, thirty-five dollars, in four months, with interest annually.
 TIMOTHY L. MACE,
 JARED WELLS.'
 '$157.48.
 Wells River, August 14, 1840.
 'For value received, we jointly and severally promise to pay Hutchins & Buchanan, or order, one hundred and fifty-seven dollars and forty-eight cents, in one year, with interest annually.
 TIMOTHY L. MACE,
 JARED WELLS.'
 Said first note was paid by said Wells to said Tracy on the 12th day of July, A. D. 1841. Said note was given for the sole and proper debt of said Mace, and Wells signed only as surety; and the whole was a mere matter of accommodation on the part of Wells.
 Said second note was given also for the proper debt of said Mace, and was his to pay. Wells was only surety for said Mace, although the note was 'jointly and severally,' and had no interest or part in the debt. Said note was paid by said Wells on the 6th day of March, A. D. 1844, being, at that date, the sum of one hundred and ninety-four dollars and eleven cents. Said Wells has kept both said notes since they were so taken up by him, and they are now in his custody.
 That after their signing of said last note, and before the payment of the same, but subsequent to the payment of the first by said Wells, said Mace duly obtained a discharge of his debts as a bankrupt, in pursuance of the provisions of the act of Congress passed August 19th, 1841, commonly called the 'bankrupt law.' Said Mace's certificate is dated March 22d, 1843, a copy of which is annexed, and made a part of the case.
 It is agreed the court shall give the same effect to said discharge as if the same were specially pleaded.
 Now, if the court shall be of the opinion that the plaintiff is entitled to recover on the foregoing facts, judgment is to be rendered for him to recover of the defendant the amount of said notes, or either of them, as the court shall adjudge, and his cost; if for both notes, the sum of $248.93; if for the small note, $45.12; if for the large note, only $203.81; if for neither, then defendant to recover his cost.
 A. UNDERWOOD, Defendant's Attorney.
 J. W. D. PARKER, Plaintiff's Attorney.
 At December term, 1844, on the foregoing case stated, the court rendered judgment for the plaintiff to recover of the defendant $203.81 damages, and his costs. The defendant excepted to the opinion, and the case was carried to the Supreme Court of Judicature, where the judgment of the court below was affirmed.
 A writ of error, issued under the twenty-fifth section of the Judiciary Act, brought the case up to this court.
 Mr. Collamer, for the plaintiff in error.
 As Wells, the plaintiff below, did not pay the last note until after the bankruptcy, and as it did not, until paid by him, become a debt in his favor, the court held that it was not discharged by the previous bankruptcy of Mace, the defendant below. Mace claimed that, by a right construction of the United States statute of bankruptcy, he, by his discharge was entitled to the privilege and exemption from this debt; and the construction of that statute being thus drawn in question, and the decision being against this privilege and exemption, the case comes clearly within the jurisdiction of this court, by virtue of the twenty-fifth section of the Judiciary Act.
 I. The plaintiff in error insists, that a discharge in bankruptcy released from all debts and other engagements which are provable under the act. (Bankrupt Law, sec. 4; 5 Statutes at Large, 444.) The claim of Wells at the time Mace became bankrupt and was discharged was a note outstanding in the hands of a creditor, overdue, signed by Wells as surety for Mace; and even if it were regarded as to Wells a contingent claim, still it was provable under the act. Our statute is much more general and extensive than the English statute on this point. All those cases particularly provided for in sections 51, 52, 53, 54, 55 of the 6th Geo. 4, c. 16, are included in our statute generally by name, as debts due at a future day, annuitants, bottomry and respondentia bonds, policies of insurance, sureties, indorsers, and bail. But it is insisted that the remainder of our statute, as to contingent claims, is much more extensive and comprehensive than the remaining 56th section of the English law. By the words of that law and by the decisions of their courts, no contingent claim can be proved under the commission, unless it be at the time of the bankruptcy an existing debt, payable on a contingency; not such a claim as was to become a debt on a contingency. (6 Geo. 4, c. 16, § 56; Law v. Burghart, 42 Com. Law Rep. 313.) Our statute includes all 'uncertain and contingent demands.'
 II. Even if our statute be construed as of the same extent as the English, and no broader, still this was and would be a provable claim. It was an existing debt actually due, and might have been presented and proved against Mace by the creditor; and whatever can be proved by the creditor may be by the surety, and he cannot permit it to lay unpaid and unproved until after the discharge, and then by payment revive it in his own favor. Jackson v. Magee, 3 Adol. & Ell. 47; 43 Com. Law Rep. 625; Westcott v. Hodges, 6 Barn. & Ald. 12.
 III. Indeed, the case is within the very words of our statute. It gives the power of proving claims to sureties. Now, who is a surety? It is he who is holden for another. It cannot mean him who has already actually paid a debt, for then he has ceased to be a surety, and has become a creditor; and so the court below regarded this defendant in error, for they declined giving him judgment for the note which he had, as surety, paid before bankruptcy.
 It would be an extraordinary construction of this statute, which discharges the bankrupt from his creditors, and expressly reserves the claim of the creditor against the joint debtor and surety, to hold, that, when enforced against such surety, the debt is revived against the bankrupt. Little, indeed, would its relief be to the great body of merchants and business men, on most of whose paper are other names than their own.
 Mr. Justice McLEAN delivered the opinion of the court.
 
 
 1
 This case is brought before the court by a writ of error to the Supreme Court of the State of Vermont, under the twenty-fifth section of the Judiciary Act of 1789.
 
 
 2
 Wells, as the surety of Mace, became bound in two joint and several notes, both of which were due before the passage of the bankrupt law, in August, 1841. In July, 1841, Wells paid one of these notes. Mace was discharged, under the bankrupt law, on the 22d of March, 1843. In March, 1844, Wells paid the other note, and then sued Mace for the recovery of the money on both notes. The facts being submitted to the county court, judgment was entered for the plaintiff for the amount of the note last paid; which judgment was affirmed by the Supreme Court of the State.
 
 
 3
 The fourth section of the bankrupt law provides that a 'discharge and certificate, when duly granted, shall in all courts of justice be deemed a full and complete discharge of all debts, contracts, and other engagements of such bankrupt which are provable under this act,' &c.
 
 
 4
 By the fifth section of the act, it is provided that 'all creditors whose debts are not due and payable until a future day, all annuitants, holders of bottomry and respondentia bonds, holders of policies of insurance, sureties, indorsers, bail, or other persons having uncertain or contingent demands against such bankrupt, shall be permitted to come in and prove such debts or claims under this act, and shall have a right, when their debts and claims become absolute, to have the same allowed them,' &c.
 
 
 5
 Wells, as surety, was within this section, and might have proved his demand against the bankrupt. He had not paid the last note, but he was liable to pay it, as surety, and that gave him a right to prove the claim under the fifth section. And the fourth section declares, that from all such demands the bankrupt shall be discharged. This is the whole case. It seems to be clear of doubt. The judgment of the State court is reversed.
 
 Order.
 
 6
 This cause came on to be heard on the transcript of the record of the Supreme Court of Judicature of the State of Vermont, and was argued by counsel. On consideration whereof, it is now here ordered and adjudged by this court, that the judgment of the said Supreme Court of Vermont in this cause be and the same is hereby reversed, with costs, and that this cause be and the same is hereby remanded to the said Supreme Court of Vermont, for further proceedings to be had therein in conformity to the opinion of this court.