### Leighton *versus* Atkins.

To an action, by a surety against his principal, for money paid upon a judgment recovered against them jointly for the debt, a discharge in bankruptcy is no defence, if the judgment was recovered subsequent to such discharge ; although the note had become payable, prior to the commencement of the proceedings in bankruptcy.

On facts agreed.

Assumpsit.

The plaintiff was surety for the defendant upon a promissory note, which became payable in Aug. 1842. The note was sued in Oct. 1843, and judgment was recovered against them jointly by default in April, 1844. The plaintiff afterwards paid a part of the judgment and brings this action for a reimbursement.

The defendant, upon his petition of Sept. 1842, was de-

creed to be a bankrupt in Oct. 1842, and, in November, 1843, obtained a bankruptcy discharge from all his debts, provable under the Act of Congress entitled " an Act to establish a uniform system of bankruptcy throughout the United States. The case was submitted for nonsuit or default, as the rights of the parties may require.

*Whitmore*, for the plaintiff, cited, *Fisher* v. *Foss*, 30 Maine, 459; *Frost* v. *Tibbets*, 30 Maine, 188; *Pike* v. *McDonald*, 32 Maine, 418.

*Clay*, for the defendant.

Prior to filing the defendant's petition the note had become payable. It was therefore provable in bankruptcy. The case cited, of *Fisher* v. *Foss*, was in favor of the *original plaintiff*, and is therefore inapplicable to this case.

By the fifth section of the Bankrupt Act, it is provided, that " *sureties*, indorsers, bail or other persons, having *uncertain* or *contingent* demands against such bankrupt, shall be permitted to come in and *prove* such debts or claims, and shall have a right, when their claims become due, to have the same allowed."

This plaintiff was within the purview of that section. He was a *surety*, as the case finds, and if he had not paid the debt he had a right to *file his claim* and have the same allowed.

The fact that the note was afterwards sued and judgment obtained against the signers of the note does not change the relation of *these parties*. Leighton was *surety* on the note and liable to pay as well *before* the note was sued as afterwards.

The case of *Mace, in error*, v. *Wells*, 7 Howard, 272, is in principle similar to this. It was an action brought by the *surety* for *money paid* for the defendant.

The only difference is, that the surety, in that case, paid the note *without being sued.*

The decision in that case gave a construction to the Bankrupt Act, different from that generally adopted by this Court.

The principle is there settled, that the bankrupt's certificate

is a bar to the claim of a surety, for money paid upon a note or demand due, when the bankrupt filed his petition.

The cases of *Holbrook* v. *Foss*, 27 Maine, 441; *Dole* v. *Warren*, and *Pike* v. *McDonald et al.* 32 Maine, 94 and 418, are not overlooked. But it is respectfully contended that those decisions are not in accordance with the decision in *Mace* v. *Wells*, before the Supreme Court of the United States, which being the highest authority known to our laws, ought to have an authoritative weight.

HATHAWAY, J. — In the case of *Mace* v. *Wells*, 7 How. 272, upon which the defendant relies, no judgment had been recovered on the note paid by Mace ; the foundation of his claim was payment of the original debt, which was provable in bankruptcy.

In the case at bar, the foundation of the plaintiff's claim is the payment of a *judgment* recovered against the defendant and his sureties, (of whom the plaintiff was one,) *after* the defendant's discharge, which judgment was *not* provable in bankruptcy.

The question presented by the case, has been decided by this Court, in *Holbrook* v. *Foss*, 27 Maine, 441, and *Pike* v. *McDonald*, 32 Maine, 418, and other cases cited by counsel in argument.

According to those decisions, a default must be entered.

SHEPLEY, C. J., WELLS, HOWARD and RICE, J. J., concurred.