SMITH v. WHEELER.

(Supreme Court, Appellate Division, Third Department. November 14, 1900.)

BANKRUPTCY—EFFECT OF DISCHARGE—PROVABLE CLAIM.

> The claim of the payee of a note against the maker by reason of his having paid the judgment obtained against him and the maker on the note by the indorsee, the payment being after the maker had filed his petition in bankruptcy, is within Bankr. Act 1898, § 17, making a discharge in bankruptcy a release of the bankrupt from all his "provable debts"; section 67, subd. i, providing that when a creditor whose claim against the bankrupt is secured by the individual undertaking of any person fails to prove such claim such person may do so in the creditor's name, and, if he discharge such undertaking, he shall be subrogated to the rights of the creditor.

Appeal from special term.

Action by Orrin W. Smith against Marvin D. Wheeler. From a judgment on a decision dismissing the complaint, plaintiff appeals. Affirmed.

On the 19th of November, 1896, the defendant executed and delivered to the plaintiff his promissory note dated that day for $550.19, payable to the order of plaintiff four months from the date thereof at the Delaware National Bank. The note was given for a debt on contract then due from defendant to plaintiff. It was duly indorsed and transferred by the plaintiff to the bank above named, was not paid at maturity, and was duly protested. The bank afterwards brought an action in the supreme court on the note against both parties, and on the 16th day of August, 1897, duly recovered a judgment against them for the sum of $586 damages and costs. An execution was issued thereon, and on the 31st of October, 1898, the plaintiff paid the amount thereof, being the sum of $650.39. That amount the plaintiff in this action seeks to recover of the defendant. On the 18th day of August, 1898, the defendant filed in the proper court his petition in bankruptcy, and was on that day adjudicated a bankrupt. In the schedule of liabilities attached to the petition there was a statement of the judgment recovered by the bank. On the 7th day of February, 1899, a discharge was duly granted the defendant, pursuant to the act of congress on that subject then in force. The defendant set up the discharge as a defense to this action. The court held the defense a good one, and dismissed the complaint.

Argued before PARKER, P. J., and KELLOGG, EDWARDS, MERWIN, and SMITH, JJ.

C. L. Andrus, for appellant.
Arthur More, for respondent.

MERWIN, J. The question here is whether the discharge is a bar to the claim of the plaintiff. A discharge in bankruptcy releases a bankrupt from all of his provable debts, with certain exceptions, not important here. Section 17, Bankr. Act 1898. If the claim of the plaintiff was a provable debt within the meaning of the bankrupt act, then the discharge is a bar. By subdivision "i" of section 57 of the act it is provided as follows:

"Whenever a creditor, whose claim against a bankrupt is secured by the individual undertaking of any person, fails to prove such claim, such person may do so in the creditor's name, and if he discharge such undertaking in whole or in part he shall be subrogated to that extent to the rights of the creditor."

In the bankrupt act of 1867 (chapter 176, § 19 [Rev. St. § 5070]) there was a similar provision, and under it it was held in Hunt v. Taylor, 108 Mass. 508, that the liability of the drawee upon a bill of exchange accepted and dishonored by him to an indorser who then pays it is barred by a discharge of the drawee in bankruptcy proceedings begun after his dishonor of the bill, though before the payment by the indorser. The action in that case was for money paid to the defendant's use. In Mace v. Wells, 7 How. 272, 12 L. Ed. 698, a similar provision in the bankrupt act of 1841 was under consideration, and it was held that the bankrupt was discharged by his certificate from all liability to the surety for money subsequently paid on account of the debt. These authorities are quite persuasive, if not controlling, on the question before us. No different rule was, I think, intended to be adopted by the act of 1898, although the wording of the provision differs in some respects from the prior acts. See Lowell, Bankr. 132, 316, 465. It must be held, I think, that the claim of the plaintiff was provable under the bankrupt act, and that, therefore, the discharge is a bar.

Judgment affirmed, with costs. All concur.