### In re SCHAEFER.

(District Court, E. D. Pennsylvania. November 22, 1900.)

No. 650.

BANKRUPTCY—PROVABLE DEBTS—CONTRACT OF INDORSEMENT.

Under Bankr. Act 1898, § 63a, subd. 1, which provides that debts may be proved against the estate of a bankrupt which are "a fixed liability, as evidenced by a judgment or an instrument in writing absolutely owing at the time of the filing of the petition against him," a note of a third person, payable to the bankrupt and indorsed by him, but which was not given for his accommodation, and had not matured at the time of the filing of the petition against him, is not a provable debt against his estate.

In Bankruptcy. Question certified by referee.

Wm. U. Hensel, for trustee.
Wm. H. Roland, for creditor.

McPHERSON, District Judge. The question for decision arises upon the following certificate of the referee:

"The petition by creditors of Christian Schaefer, bankrupt, was filed in the office of the clerk of the district court of the United States on July 7, 1900. Christian Schaefer was adjudicated a bankrupt on August 4, 1900. At the first meeting of creditors, held September 20, 1900, a claim was presented by the Farmers' National Bank of Lancaster, Pa., against the estate of Christian Schaefer, on a note given by Frank Pfeiffer to the order of Christian Schaefer for $300, and indorsed by said Christian Schaefer to the said Farmers' National Bank of Lancaster. Said note was dated June 27, 1900, and was payable fifteen days after date, on July 12, 1900. Said note consequently became due, and the indorser's liability became fixed, five days after the creditors' petition was filed, but several weeks prior to the adjudication of Christian Schaefer as a bankrupt. The petition of Miller & Hartman, of Lancaster, Pa., a creditor of the said Christian Schaefer, bankrupt, has been filed with the referee, asking for a re-examination of the said claim of the Farmers' National Bank of Lancaster, Pa.; and the parties have agreed that the above facts should be certified to your honorable court, and a decision asked upon the question whether the said claim of the Farmers' National Bank of Lancaster is or is not a debt provable in bankruptcy."

It thus appears that the claim of the Farmers' Bank against the bankrupt is based upon his contract of indorsement; and, since nothing appears to the contrary, I shall assume that the note was given for a debt of Pfeiffer, the maker, and not for the mere accom-

modation of Schaefer, the indorser. In such a state of facts, I am of opinion that the bank did not have a provable debt under section 63, cl. "a" (1), of the bankrupt act. That clause permits such debts of the bankrupt to be approved and allowed against his estate as are "a fixed liability, as evidenced by a judgment or an instrument in writing, absolutely owing at the time of the filing of the petition against him, whether then payable or not * * *"; but it makes no provision for liabilities that are- contingent only. It scarcely admits of argument, I think, that an indorser's liability is only contingent until the note becomes due, and the proper steps have been taken to charge him with notice of nonpayment. In re Loder, Fed. Cas. No. 8,457; In re Riker, Fed. Cas. No. 11,833. See, also, the discussion of the subject of fixed liability in Re Arnstein, 2 Nat. Bankr. N. 106, 101 Fed. 706; In re Chambers, 2 Nat. Bankr. N. 864; In re Dunnigan, 2 Nat. Bankr. N. 755.

The act of 1867 (Rev. St. 5069) permitted the creditor to prove a claim against a bankrupt indorser after the liability had become fixed, although the debt had not become absolute until after the adjudication in bankruptcy; but, so far as I am aware, there is no such provision in the present act.

The referee is accordingly directed to re-examine the claim of the Farmers' Bank, and to reject it, if no other facts appear than are stated in the foregoing certificate.

(January 7, 1901.) The within order is rescinded, and the referee is directed to allow the bank's claim.