## In re GERSON.

### (District Court, E. D. Pennsylvania. January 7, 1901.)

### No. 4.

BANKRUPTCY—PROVABLE DEBTS—CONTRACT OF INDORSEMENT.

The contract created by the indorsement by a bankrupt of a note which had not matured at the time of the filing of the petition against him is not a debt which is a "fixed liability * * * absolutely owing," provable against his estate, under Bankr. Act 1898, § 63a, subd. 1; but under the definition of "debt" in section 1, as "any debt, demand, or claim provable in bankruptcy," section 63a, subd. 4, allowing proof of any debt "founded * * * upon a contract, express or implied," is broad enough to permit proof of such claim as a demand founded on an express contract, where the note has matured, and the liability has become fixed, before the proof is made.

In Bankruptcy. On certificate of referee concerning allowance of claim.

Julius C. Levi, for creditor.
Jos. L. Greenwald and Clinton O. Mayer, for trustee.

J. B. McPHERSON, District Judge. The report of the referee raises again the question that I had occasion to consider recently in Re Schaefer (D. C.) 104 Fed. 973, but presents it from a different point of view. Schaefer's case was put to me simply upon the proposition that a contract of indorsement that had not become absolute before the petition in bankruptcy was filed was not a fixed liability, within clause "a" (1) of section 63, and could not be proved against the estate under that clause. I thought then, and I still think, that the proposition was sound; but I was not asked to consider, and did not consider,—the oversight was, no doubt, my own fault,—whether such a contract might not be provable under clause "a" (4) of the same section. This is the point now presented for decision, and, in my opinion, the ruling of the referee allowing proof to be made was correct.

A debt is defined by section 1 of the act to be "any debt, demand or claim provable in bankruptcy"; and section 63 sets forth in detail the classes of provable debts. They are: (1) Certain fixed liabilities;

(2 and 3) certain liabilities for costs; (4) any debt, claim, or demand "founded upon an open account, or upon a contract, express or implied"; and (5) provable debts reduced to judgment after the filing of the petition. It is the scope of clause 4 that is now in controversy, and this, I think, is broad enough to include a claim founded upon the contract of indorsement, even before the liability under such a contract has become fixed. The indorser's engagement may not be a "debt," strictly so called, until there has been demand and notice of nonpayment; but, even before demand and notice there is certainly a contingent liability, and this may fairly be embraced within the words "demand or claim." I did not consider this clause of the section when I decided Schaefer's Case; but, now that it has been brought to my attention, I cannot avoid the conclusion that clause 4 ought to have been applied in that decision, and, if applied, should have brought me to the conclusion that a contract of indorsement is a provable debt, even if the note does not fall due until after the petition is filed. It is provable, not under clause "a" (1), but under clause "a" (4). The contract of indorsement is an express contract (Martin v. Cole, 104 U. S. 37, 26 L. Ed. 647), and the holder of the note has a demand or claim founded thereon, which may ripen into a debt or fixed liability, or may be defeated by his failure to take certain steps. But it is a contingent right of some sort, founded upon the contract, and is, I think, embraced in words of such extensive scope as "demand or claim."

The inconveniences likely to result from the former decision are obvious, and, if the act permits them to be avoided, such a conclusion is to be desired. It is clear that, if the liability under the contract of indorsement is not a provable claim, it is not discharged, and therefore may remain and be enforced subsequently against the bankrupt, unless, to avoid such a result, he file a second petition in bankruptcy after all such liabilities have become absolute. Moreover, although the contract of indorsement might become absolute while the proceedings were pending, it could not be proved, and the holder of a valid claim, now become due, would not be permitted to share in the assets of the estate. It is true that an occasional difficulty may still arise in the case of notes that do not fall due for a comparatively long time,—a year or more. Whether such notes can be liquidated, so as to participate in a distribution made before they fall due, I am not now prepared to say. If they are incapable of liquidation, and for that reason cannot be fully proved, or be awarded a part of the bankrupt's estate, they may not be discharged. Upon that point it is unnecessary to express an opinion. Whatever difficulty exists in such a case, none is perceived in the ordinary case where the contract of indorsement becomes, during the settlement of the estate, an obligation to pay a definite sum.

The decision of the referee allowing the claim of the Market Street National Bank is approved.