## SWEANEY v. BAUGHER.

[No. 20,801. Filed May 29, 1906.]

1. BANKRUPTCY.—*Debts Provable.*—*Not Due.*—Obligations of a bankrupt, not due at the time of the filing of his petition in bankruptcy, are provable against his estate under §63 of the Statute of 1898 (30 Stat., pp. 544, 562, U. S. Comp. Stat. 1901, p. 3447). p. 559.

2. SAME.—*Debts Provable.*—The mortgagee of a bankrupt may prove the mortgage debt as a claim against the estate of the bankrupt mortgagor under §63 of the statute of 1898 (30 Stat., pp. 544, 562, U. S. Comp. Stat. 1901, p. 3447). p. 559.

3. SAME.—*Debts Provable.*—*Contingent Contracts.*—*Guaranty.*— The obligation of a mortgagor to his grantee to pay the mortgage on lands conveyed to his grantee is not "contingent" until default so as not to be a fixed liability absolutely owing before default in payment thereof. p. 560.

4. SAME.—*Creditor Failing to File Claim.*—*Rights of Surety or Guarantor.*—Under subd. i, §57 of the act of 1898 (30 Stat., pp. 544, 560, U. S. Comp. Stat. 1901, p. 3443) the surety, guarantor, indorser or other person secondarily liable may, on failure of the creditor to file his claim against the principal debtor, file such claim in such creditor's name. p. 560.

5. SAME.—*Discharge.*—*Debts Extinguished.*—The discharge of a mortgagor in bankruptcy extinguishes, by virtue of §17 of the act of 1898 (30 Stat., pp. 544, 550, U. S. Comp. Stat. 1901, p. 3428), his obligation to his grantee to pay his mortgage though such obligation had not matured at the time of the filing of his petition in bankruptcy. p. 561.

From Grant Superior Court; *H. J. Paulus,* Judge.

Action by Elizabeth F. Sweaney against James W. Baugher. From a judgment for defendant, plaintiff appeals. Transferred from Appellate Court under §1337u Burns 1901, Acts 1901, p. 590. *Affirmed.*

*John A. Kersey,* for appellant.

HADLEY, J.—Action by appellant on contract. Answer, discharge in bankruptcy. The finding and judgment for appellee is challenged as not being sustained by sufficient evidence.

The cause was submitted to the court upon an agreed statement of facts which, in substance, is as follows: On February 3, 1899, appellant was the owner of the equity of redemption in forty acres of land in Wells county and indebted to appellee in the sum of $100. At the same time appellee was the owner of a lot in Marion, encumbered by mortgage for $600 to the Marion Building & Loan Association. On said date the parties entered into a written agreement, whereby appellant conveyed to appellee her equity in the Wells county land, and appellee placed appellant in possession of the Marion lot, and stipulated that on or before eighteen months from said date he would pay off the mortgage on the Marion lot, less the amount of appellant's indebtedness to him, and then execute to appellant a sufficient deed for the property. Appellee wholly failed to pay off the encumbrance on the Marion lot, and on July 11, 1900, filed his petition in bankruptcy, setting forth in his schedule the name of appellant as one of his creditors, and the contract for the removal of said encumbrance as a liability. Appellant was personally present at the hearing on the petition in bankruptcy. Appellee was adjudged a bankrupt, and such proceedings were had that on October 30, 1900, he was regularly discharged from all debts and claims provable under the act of congress against his estate and which existed on July 11, 1900.

The question arising upon the record is: Was appellee released from his obligation to pay off the mortgage on the

Marion lot by his discharge in bankruptcy? According to his undertaking, appellee had eighteen months from February 3, 1899, or to August 3, 1900, in which to remove the mortgage, and he was therefore not in default when he filed his petition in bankruptcy on July 11, 1900. Appellant contends that her right to recover on the contract is not affected by appellee's discharge in bankruptcy, because, at the time of filing his petition, she had no provable claim against his estate. In other words, at the commencement of the bankruptcy proceeding she had no cause of action against appellee, because the time given him for the satisfaction of the mortgage on the Marion lot had not then expired. Debts are provable against the estate of a bankrupt under section sixty-three of the act of congress of 1898 (30 Stat., pp. 544, 562, U. S. Comp. Stat. 1901, p. 3447) "which are (1) a fixed liability, as evidenced by * * * an instrument in writing, absolutely owing at the time of the filing of the petition against him, whether then payable or not, with any interest thereon which would have been recoverable at that date or with a rebate of interest upon such as were not then payable and did not bear interest; * * * (4) founded upon an open account, or upon a contract express or implied."

We cannot agree with appellant that her claim was contingent until default was made by appellee at the end of eighteen months from the making of the contract, and hence not a fixed liability, absolutely owing when the bankruptcy proceedings were begun. The debt constituting the foundation of the claim was the direct and absolute promise of the bankrupt to pay the Marion Building & Loan Association a specified and definite sum of money, and as to him there can be no doubt that the debt was a fixed liability absolutely owing to the creditor, and as much owing on July 11, when he filed the petition in bankruptcy, as on August 3, the day stipulated for its pay-

ment. It is certain that the creditor could have proved its claim against the bankrupt estate if it had chosen to do so, whether its claim was due or not due, when the petition in bankruptcy was filed, under section sixty-three, *supra.*

The secondary promise to appellant to pay the loan association debt, and thus unencumber that which she had accepted as part consideration for her farm, was direct and certain, and had about it no semblance of a contingency. It was a positive promise to pay a certain amount, not directly to appellant, but for her use. The property she got under the contract stood as a security for the payment of the bankrupt's debt. If he did not pay, or otherwise remove the mortgage, as he agreed, her property would be sold to satisfy it. Her relation to the debt was in the nature of a guarantor, or surety, and we think it should be governed by the rules applicable in such cases in determining whether provable against a bankrupt estate.

Subdivision i, section fifty-seven, acts 1898 (30 Stat., pp. 544, 560, U. S. Comp. Stat. 1901, p. 3443) provides: "Whenever a creditor, whose claim against a bankrupt estate is secured by the individual undertaking of any person, fails to prove such claim, such person may do so in the creditor's name." It has been generally held by courts of bankruptcy, under sections fifty-seven and sixty-three, *supra,* that indorsers, guarantors, sureties and other persons secondarily liable may prove their claims against the bankrupt estate if the creditor declines or fails to do so. *In re Gerson* (1901), 105 Fed. 891; *Moch* v. *Market St. Nat. Bank* (1901), 107 Fed. 897, 47 C. C. A. 49; *Smith* v. *Wheeler* (1900), 5 Am. Bank. Rep. 46, 66 N. Y. Supp. 780; *Mace* v. *Wells* (1849), 7 How. 272, 12 L. Ed. 698; *Fulwood* v. *Bushfield* (1850), 14 Pa. St. 90; Loveland, Law and Proc. in Bankruptcy (2d ed.), 295; Brandenburg, Bankruptcy (3d ed.), §§986, 987.

The loan company having failed to prove its claim against appellee's estate in bankruptcy, we think appellant

might have done so in its name. The claim being thus provable it was extinguished by appellee's discharge in bankruptcy. §17, Acts 1898 (30 Stat., pp. 544, 550, U. S. Comp. Stat. 1901, p. 3428).

It follows that the evidence sustains the finding of the court, and the judgment is not contrary to law. Judgment affirmed.