## PHIL CALMENSON v. FRANK MOUDRY.[1]

### June 1, 1917.

### Nos. 20,402—(107).

**Bankruptcy — failure to schedule note — accommodation maker subrogated by payment.**

The court found that the defendant, the maker of the promissory note involved in the action, did not properly schedule the same in the proceedings wherein he was adjudicated a bankrupt and discharged. Plaintiff, an accommodation indorser before delivery, was compelled to take up the note when due, which was after the discharge in bankruptcy, and sues for the amount he was required to pay. It is *held*:

(1) That because of failure of defendant to properly schedule the note it survived the bankruptcy discharge in the hands of the holder, and when plaintiff paid and received it he became subrogated to the rights of the holder.

(2) It devolved on defendant to prove that the payee or holder had actual knowledge of the bankruptcy proceedings, it having been established that the debt was not duly scheduled.

[1]Reported in 162 N. W. 1076.

Action in the district court for Chippewa county to recover $174.77 upon a promissory note. The case was tried before Qvale, J., who made findings and ordered judgment in favor of plaintiff for the amount demanded. From an order denying his motion for judgment notwithstanding the decision or for a new trial, defendant appealed. Affirmed.

*C. D. Bensel,* for appellant.

*Peterson & McCargar,* for respondent.

HOLT, J.

On October 20, 1913, defendant executed his promissory note for $173.97, payable, one year after date, to the order of the First National Bank of Montevideo. Before it was delivered, and for the purpose of giving credit thereto, plaintiff, as an accommodation to the maker, indorsed thereon a guarantee of payment. December 22, 1914, plaintiff was compelled to pay the note and thereafter brought this action against defendant, the maker. The complaint set out the note and the guarantee indorsed; alleged that plaintiff received no consideration; that it was signed by him for the accommodation of defendant, and upon his request and promise to pay when due; that defendant did not pay the note, except $15 thereof, and that plaintiff, on the date mentioned, was compelled to pay and did pay the balance. The answer denied none of the allegations in the complaint, but, as a defense, averred that defendant was on April 17, 1914, duly adjudged a bankrupt in the proper Federal court; that in his petition to be so adjudged he set forth a list of his creditors with their places of residence together with an inventory of his assets; that on August 1, 1914, he was duly discharged from all his provable debts, and "that the note sued upon and which is the basis of plaintiff's complaint herein was due and owing to plaintiff at the date of the filing of said bankruptcy petition * * * and upon the date of the said adjudication in bankruptcy, and was included in the schedule of debts owing by said bankrupt filed with the aforesaid petition." The reply denied the allegations of the answer. The court found the allegations of the complaint true, and that defendant was adjudged a bankrupt on the date alleged and an order made August 1, 1914, discharging him from all debts and claims which were by law made provable against his estate and which existed on the day he was adjudged

a bankrupt. It was also found that in the schedule of debts filed "defendant listed the note as one owing to plaintiff herein, but said note was not then owing to the plaintiff nor was he the holder thereof, neither does it appear who the holder of the note at that time was, except as evidenced by the note itself," and that it was not made to appear whether the payee in said note or the holder thereof at the time of said adjudication in bankruptcy had any knowledge of the bankruptcy proceedings, and said note was not filed as a claim against the estate of the bankrupt. The court ordered judgment for plaintiff. Defendant appeals.

It is doubtful whether any question is reviewable upon this appeal. The case was evidently tried to the court without a jury, for there are findings of fact and conclusions of law, yet the errors assigned are: (1) "That the court erred in refusing to set aside and vacate the order for judgment in favor of respondent, dated Aug. 10th, 1916, and for judgment in favor of appellant, notwithstanding the verdict, or if * * * denied, then for a new trial; (2) that said verdict is not justified by and is contrary to the evidence; (3) that upon the evidence submitted defendant was and is entitled to a judgment in his favor." There was no verdict. The findings of fact are numerous, some of which, standing admitted by the pleadings, in any event, would be unassailable, and it is well settled that an omnibus assignment that the evidence does not sustain the findings does not challenge any particular finding. 1 Dunnell, Minn. Dig. § 361. We conclude that no possible question is reviewable here except the one whether, under the findings as made, judgment should have been in defendant's favor, instead of plaintiff's.

It was found that the note here involved was not properly scheduled by defendant in the bankruptcy proceeding. The payee or the holder of the note was not named as creditor. Therefore as to such payee or holder the order of discharge did not extinguish the note, but suit could thereafter be maintained thereon. It would seem to follow that, when afterwards plaintiff was compelled to take it up, he became subrogated to the rights of the payee or holder and can, with the same effect as the latter, assert that the maker's bankruptcy discharge is unavailing as a defense. In other words, because the maker did not properly schedule this note his discharge did not extinguish the debt represented thereby,

it remained a valid obligation against him which may be asserted by any rightful possessor thereof. On the other hand, had the note been properly scheduled defendant's discharge would likely have been effectual as to all claiming through or under it in any form. That is, since the scheduling if proper as to the holder of the note concludes also indorser, surety and accommodation maker, it should follow that if it be not duly scheduled as to him it does not conclude the others. That indorsers and sureties on negotiable paper are concluded in respect to obligations falling due before the adjudication in bankruptcy, although not paid by the indorser or surety until after the discharge, provided the maker duly and properly schedules the same, seems to be the holding in Smith v. Wheeler, 55 App. Div. 170, 66 N. Y. Supp. 780, and Hayer v. Comstock, 115 Iowa, 187, 88 N. W. 351. Whether the same rule should be applied in a case where, as here, the note did not fall due until after the discharge is not, upon this record, necessary to determine, for, as stated, the court found this note not duly scheduled.

It might be argued that since the findings indicate that there was no proof whether or not the payee or holder of the note had knowledge of the bankruptcy proceeding, therefore the *prima facie* effect of the order of discharge is not overcome. We, however, think that when the improper scheduling was established the defendant could claim nothing for the discharge unless he adduced proof that payee or holder of the note had actual knowledge of the bankruptcy proceeding in time to avail himself of the right to file and prove his claim therein. Sloan v. Grollman, 113 Md. 192, 77 Atl. 577, Ann. Cas. 1912A, 544; Parker v. Murphy, 215 Mass. 72, 102 N. E. 85; Wineman v. Fisher, 135 Mich. 604, 98 N. W. 404; Armstrong v. Sweeney, 73 Neb. 775, 103 N. W. 436; Weidenfeld v. Tillinghast, 54 Misc. 90, 104 N. Y. Supp. 712; Bailey's Admx. v. Gleason, 76 Vt. 115, 56 Atl. 537, and Fields v. Rust, 36 Tex. Civ. App. 350, 82 S. W. 331. We conclude that the assignments of error do not present any grounds for disturbing the decision of the trial court.

Order affirmed.