No. 9569.

## POPEJOY *v.* DIEDRICH.

BANKRUPTCY—*Construction of Statute.* The provisions of the Bankruptcy Act concerning the discharge of the bankrupt from his liabilities are to be strictly construed. The bankrupt who fails to use due diligence to ascertain the residence of a creditor, and so fails to give his residence in his schedule is not discharged of the debt.

*Error to Rio Grande District Court, Hon. Jesse C. Wiley, Judge.*

Mr. JAMES P. VEERCAMP, for plaintiff in error.

Mr. JESSE STEPHENSON, for defendant in error.

Mr. Justice Teller delivered the opinion of the court.

DEFENDANT in error had a judgment, obtained in a County Court, against plaintiff in error, and while it was in force the latter became an involuntary bankrupt. Said judgment was scheduled as held by Diedrich, whose residence was stated to be unknown. Some time after Popejoy's discharge in bankruptcy, Diedrich, who had no knowledge of the bankruptcy, caused a transcript of the judgment to be filed with the County Clerk of a county in which Popejoy had acquired real estate.

Popejoy then brought suit to cancel said transcript as a cloud on his title. The defense was that the schedule was defective, in that the debt was not properly described, and that defendant's residence was given as unknown. Judgment was entered for the defendant and the cause is now here on error.

Plaintiff, on the trial, testified, that being ignorant of Diedrich's address, he wrote to an attorney at Monte Vista who had represented Diedrich in the action in which the judgment was entered, asking for said address, and that the attorney replied that he did not know Diedrich's address. This attorney, who now represents plaintiff in error, testified that he could not recall receiving the letter, and that in fact he did know Diedrich's address. It appeared that both the parties to this action formerly lived in the vicinity of Monte Vista and that before the bankruptcy proceeding both of them had moved away, plaintiff in error to Pueblo and Diedrich to Montana. Upon this state of the evidence, the trial court found that the plaintiff had not used due diligence to ascertain the address of Diedrich, and that, therefore, the plaintiff had not been discharged from the debt by his discharge in bankruptcy.

Plaintiff in error now contends that this finding by the court was not supported by the evidence.

It is settled by numerous authorities that the portion of the bankruptcy law concerning discharge from debts is to be strictly construed, and that the steps required to be taken must be shown to have been taken in order to give one the benefit of the statute. In *Parker v. Murphy,* 215 Mass. 72, the court said: "The requirement for duly scheduling the names and residences of creditors is a most important one. It is in compliance with the generally recognized principle that one shall not be barred of his claim without the opportunity of having his day in court. It is for the benefit of the creditors and in the interest of fair dealing with them and is to be construed in harmony with this purpose. It is essential in order that notice in the bankruptcy proceedings may be sent him. It has been construed with some strictness. *Birkett v. Columbia Bank,* 195 U. S. 345; *Custard v. Wigderson,* 130 Wis. 412. * * * The want of knowledge which will excuse a debtor from putting the residence of his creditor in the list is not that which may exist without attempt to gain the information, but that which arises after reasonable effort has been made to find out."

It was the province of the court to determine whether or not plaintiff in error had exercised due diligence to ascertain the address of Diedrich, and under the authorities his finding in that respect was fully justified. The judgment is accordingly affirmed.

*Affirmed.*

Chief Justice Garrigues and Mr. Justice Burke concur.