No. 12,531.

KOBEBELL *v.* DIERS BROTHERS AND COMPANY.
(285 Pac. 165)

Decided February 3, 1930.

Mr. WILLIAM R. BAAB, for plaintiff in error.

Mr. TRACY C. CAMERON, for defendant in error.

*In Department.*

MR. JUSTICE ALTER delivered the opinion of the court.

Diers Brothers and Company, a Nebraska corporation, defendant in error, hereinafter referred to as plaintiff, brought this action in a justice court against Carl Kobebell, plaintiff in error, hereinafter referred to as defendant, to recover judgment upon a promissory note made and executed and delivered by defendant to plaintiff. Judgment by default was entered in the justice court, from which defendant appealed to the county court, where, upon trial of the issues, judgment was entered in favor of the plaintiff and against the defendant, from which judgment the defendant prosecutes this writ of error, and asks for a supersedeas. To obtain a reversal, the defendant relies upon three assignments of error; i. e., (1) Judgment contrary to the law; (2) judgment manifestly against the weight of evidence and not sufficient evidence to support it; and (3) error in overruling the motion of the defendant for a new trial.

The genuineness of the note is admitted, and also the nonpayment thereof, but the defendant contends that the note cannot be collected for the reason, that, subsequent to the date thereof, the defendant regularly received his discharge in bankruptcy. The defendant offered and there was received in evidence, the "discharge" in bankruptcy; thereupon the plaintiff offered a certified copy of the defendant's petition in bankruptcy; a certified copy of the defendant's list of creditors whose claims were unsecured, and conclusive proof of the fact that a notice mailed in an envelope addressed to "Frank Baker, Scotts Bluffs, Nebraska," was not delivered, but was returned marked "unclaimed." The certified copy of "creditors whose claims are unsecured," under "schedule A," discloses the fact that the note upon which this action is maintained was described in this schedule as follows:

"Frank Baker, Scotts Bluffs, Nebraska. A note for $500.00 payable to Frank Baker, for cash advanced for farming at Scotts Bluffs in 1921, given in 1921 with 10% interest. Interest and principal unpaid. An assignment

of beet money coming from the sugar company at Scotts Bluffs, Nebraska, will probably pay it.''

The note in question, and upon which judgment was rendered reads:

"Scottsbluff, Nebr., Jan. 15, 1924. $530.92.''

''Demand after date, for value received, we jointly and severally promise to pay to the order of Diers Bros. & Co. five hundred thirty & 92/100 Dollars.

''With interest thereon at the rate of 10 per cent per annum, from date until paid.

''Both principal, interest and penalty, if any payable at Scottsbluff National Bank, Scottsbluff, Nebr.

''In the event this note is not paid at maturity and is placed in the hands of an attorney for collection, then ten per cent additional shall be added to the principal for collection fees. The makers, endorsers, guarantors and assigns, severally waive presentment for payment, notice of nonpayment, protest and notice of protest, and consent that the time of payment may be extended without notice thereof, and each of them hereby personally charge their own separate estate with the payment of this note and the debt evidenced thereby.

''Carl Kobebell.''

(Documentary stamps and partial payment indorsements on reverse side of this note.)

The evidence discloses that the manager of the plaintiff at Scottsbluff, Nebraska, was, and for many years last past had been, one F. R. Becker, and also, that there existed no indebtedness between the defendant and Becker; the defendant asserts that when the creditor was named as ''Frank Baker,'' and the indebtedness described as in the schedule, he intended to mention the identical note upon which this suit is maintained, and to describe the payee therein. The defendant contends that the plaintiff's manager, Frank Becker, had actual knowledge of the pending bankruptcy proceedings in ample time to have filed proof of its claim, and therefore, even though the printed notice was not delivered, the actual

knowledge was sufficient. Defendant contends that, when his "discharge" was offered and received in evidence, the burden was upon the plaintiff to prove that it had neither notice nor knowledge of the bankruptcy proceedings.

1. The assignment, that the court erred in overruling the defendant's motion for a new trial, is effectively disposed of under the rules of the Supreme Court of the state of Colorado, 1929, rule 32: "* * * A general assignment of error on the ground that a motion for a new trial has been granted or denied, without specifying particular errors, will not be considered."

2. The second assignment of error is, that the "decision of the court herein is manifestly against the weight of the evidence in this cause and that there is not sufficient evidence to justify such decision." Counsel for the defendant admits that there is some evidence supporting the decision, but his complaint is that the weight thereof is not in support of the judgment. We are confident that an examination of the reports of this court will disclose that, in the last forty volumes thereof, there is scarcely one that does not contain one or more opinions to the effect that fact findings of a trial court, upon conflicting evidence, will not be disturbed upon review.

3. Under the third assignment of error, it is the contention of the defendant that, when he offered his "discharge" in bankruptcy, and it was received in evidence, it raised a presumption that the plaintiff's claim, anteceding the discharge, was included therein, and the duty then devolved upon the plaintiff to show that the discharge was not operative as to the claim which it held. Without undertaking to determine whether or not this is a correct statement of the rule, it certainly has no application to the facts in this case. The exhibit here offered by the plaintiff and admitted in evidence discloses that the payee in the note was not mentioned; that the date thereof was incorrectly given, and that the indebtedness was incorrectly described; in fact there was

nothing in the schedule or notice which would advise anyone that the defendant was attempting to include and list his indebtedness to the plaintiff. The evidence is conclusive that the claim of the plaintiff was not scheduled, and if the omission was due to carelessness or ignorance on the part of the defendant, he is the one who should properly suffer for it. It is admitted that "Frank Baker," listed in "schedule A" as a creditor, did not receive written notice of the pending bankruptcy proceedings, but it is contended that the defendant, in the presence of his two sons, did actually notify F. R. Becker, the manager of the plaintiff, that he was taking advantage of the bankruptcy laws, and that this actual knowledge was timely and afforded the plaintiff ample opportunity to resist the proceedings, if it so desired, or to file and prove its claim. We need not determine whether or not this vague and indefinite information, assuming that it was given, was or was not a sufficient compliance with the bankrutpcy laws, as to notice, but in any event, the trial court found adversely to the defendant upon this question, and we will not disturb its findings.

When the defendant interposed the defense of a discharge in bankruptcy to defeat the action of the plaintiff, and the plaintiff offered and proved that its claim was not scheduled properly, and for that reason it did not receive the notice contemplated by law, the burden was upon the defendant who claimed the benefit of the discharge in bankruptcy to prove that the plaintiff had notice or actual knowledge of the bankruptcy proceedings, and upon the failure of the defendant so to do, the discharge was not a bar to judgment. *Smith v. Hill,* 232 Mass. 188, 191, et seq., 122 N. E. 310, approved in *Hill v. Smith,* 260 U. S. 592, 595, 43 Sup. Ct. 219, 67 L. Ed. 419; *Sloan v. Grollman,* 113 Md. 192, 77 Atl. 577, Ann. Cas. 1912A, 544; *Armstrong v. Sweeney,* 73 Neb. 775, 779, 103 N. W. 436; *Calmenson v. Moudry,* 137 Minn. 123, 162 N. W. 1076.

The principles announced by this court in the case of *Popejoy v. Diedrich,* 68 Colo. 383, 385, 189 Pac. 841, are particularly applicable to the facts in this case:

"It is settled by numerous authorities that the portion of the bankruptcy law concerning discharge from debts is to be strictly construed, and that the steps required to be taken must be shown to have been taken in order to give one the benefit of the statute. In *Parker v. Murphy,* 215 Mass. 72, the court said: 'The requirement for duly scheduling the names and residences of the creditors is a most important one. It is in compliance with the generally recognized principle that one shall not be barred of his claim without the opportunity of having his day in court. It is for the benefit of the creditors and in the interest of fair dealing with them and is to be construed in harmony with this purpose. It is essential in order that notice in the bankruptcy proceedings may be sent him. It has been construed with some strictness. *Birkett v. Columbia Bank,* 195 U. S. 345; *Custard v. Wigderson,* 130 Wis. 412. \* \* \* The want of knowledge which will excuse a debtor from putting the residence of his creditor in the list is not that which may exist without attempt to gain the information, but that which arises after reasonable effort has been made to find out.'

"It was the province of the court to determine whether or not plaintiff in error had exercised due diligence to ascertain the address of Diedrich, and under the authorities his finding in that respect was fully justified."

Judgment affirmed.

Mr. Chief Justice Whitford, Mr. Justice Campbell and Mr. Justice Adams concur.